531 So.2d 805 (1988)
Jackie GARDNER
v.
STATE of Mississippi.
No. 57925.
Supreme Court of Mississippi.
September 28, 1988.
*806 William Sebastian Moore, Cynthia A. Stewart, Jackson, for appellant.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
PRATHER, Justice, for the Court:
Jackie Gardner filed in the Circuit Court of the First Judicial District of Hinds County a motion for post-conviction relief attempting to have his guilty plea to a conspiracy indictment set aside or, alternatively, to have his sentence for that crime reduced. The motion was overruled after a hearing. Feeling aggrieved, Gardner brings this appeal and assigns as error the following:
(1) The indictment did not charge Jackie Gardner with a felony under Mississippi law and the lower court erred in sentencing him to serve a term of imprisonment in the Department of Corrections, in violation of the due process requirements of the Mississippi and the United States Constitutions.
(2) Section 97-1-1, Miss.Code (1972), as amended, is void for vagueness because it fails to meet the requisite minimum due process requirements of notice and definiteness under the Mississippi and United States Constitutions.
(3) Jackie Gardner's plea of guilty was not made knowingly and voluntarily and the lower court erred in accepting his plea.
(4) The lower court erred in refusing to allow Jackie Gardner to withdraw his plea of guilty.
(5) The lower court erred in denying Jackie Gardner sufficient time to review his presentence report in violation of Mississippi law, the United States and Mississippi Constitutions and the Mississippi Uniform Rules of Criminal Procedure.

STATEMENT OF THE FACTS
On February 29, 1984, Gardner submitted to the Insurance Commission a statement of financial condition of his insurance company, State Security Life Insurance Company, a Mississippi Corporation. The statement showed that the company met the minimum surplus requirements under § 83-19-31, Miss. Code Ann. (1972). In compiling this statement, Gardner valued a certificate of accrual of treasury shares (hereinafter referred to as CATS bond) at its matured value of three hundred thirty thousand dollars ($330,000.00) instead of its present value of approximately seventy thousand dollars ($70,000.00).
At the January, 1985 term, the grand jury for the First Judicial District of Hinds County, Mississippi, indicted Jackie Gardner under § 97-1-1, Miss. Code Ann. (1972) for conspiracy to operate an insurance company in violation of §§ 83-5-55, 83-19-31, and 83-19-73, Miss. Code Ann., 1972, as amended.
*807 After denial of several preliminary motions, filed by his attorney, on July 28, 1986, Gardner pled guilty to the charge of conspiring to operate a financially impaired insurance company. He pled guilty pursuant to a plea agreement between his attorney with the State of Mississippi in which the State agreed to request that the court nol pros the charge of conspiracy to commit perjury and to not object to the imposition of a suspended sentence.
In his petition to plead guilty, Gardner admitted his guilt of the offense charged in the indictment, acknowledged his understanding that the maximum sentence for his crime was five (5) years and five thousand dollars ($5,000.00), and further acknowledged the plea bargain.
At the hearing on Gardner's petition to plead guilty, he testified that he understood: the nature of the charge; the rights he was relinquishing by pleading guilty; that the lower court was not bound by any plea bargain; that no one had assured him that the lower court would give him any particular sentence; and that if he pled guilty he had no right to appeal the sentence he received. The lower court accepted the guilty plea and delayed sentencing until a presentence report could be prepared.
On August 15, 1986, Gardner filed a motion, and subsequently on amended motion, to withdraw his guilty plea, alleging that he was not guilty of the charged offense. The motion was denied after hearing.
Thereafter, on October 10, 1986, Gardner was sentenced to a term of five years in the custody of the Mississippi Department of Corrections, with two years suspended and three years to serve.
On October 23, 1986, Gardner filed a motion for post-conviction relief citing as grounds that: he was not indicted for a felony; he did not plead guilty to a felony; he should have been permitted to withdraw his guilty plea; his guilty plea was not entered voluntarily and knowingly; and he was denied a reasonable time to review the presentence report. At the hearing, both the district attorney and the assistant district attorney stated that the plea bargain was limited to neither opposing nor recommending a suspended sentence. Gardner's motion was denied on October 28, 1986; he now appeals that denial.

I.

DID THE INDICTMENT FAIL TO CHARGE A FELONY PERMITTING THE SENTENCE OF IMPRISONMENT?
The indictment against Gardner charged the felonious crime of conspiracy in violation of Miss. Code Ann. § 97-1-1 (1972) to accomplish with other co-conspirators an unlawful purpose. The crime conspired to be committed in the indictment was to operate an insurance company without complying with Miss. Code Ann. §§ 83-5-55, 83-19-31, and 83-19-73, 1972, as amended.
Section 83-5-55, Miss. Code Ann. (1972), directs every insurance company to annually file in the office of the Commissioner of Insurance a statement signed and sworn to by an officer or agent of the company showing the business standing and financial condition of the company. This section further requires the company to file a like report showing the entire amount of its Mississippi reserves.
Section 83-19-31, Miss. Code Ann. 1972, as amended, provides, in part, that domestic insurance companies meet certain capital and surplus requirements at their formation. In addition, § 83-19-31 directs certain domestic insurance companies to deposit fifty per cent (50%) of their capital stock with the State Treasurer. Upon such deposit, the Insurance Commissioner issues his certificate authorizing the company to transact business in this state.
Section 83-19-73, Miss. Code Ann., 1972, as amended, requires all domestic insurance companies doing business in this state to maintain a surplus, after deduction of reserves and exclusive of capital, of not less than scheduled amounts. It further provides that when the surplus becomes less than the scheduled amount, the insurance company is considered impaired. It is the duty of the proper officers of the insurance company to report the impairment of *808 surplus to the Commission of Insurance in writing within ten days after the impairment occurs. When any such impairment is reported, or if the Commissioner of Insurance otherwise discovers that the surplus is impaired, the Commissioner will suspend the certificate of authority or license of the insurance company.
Appellant's contention on this appeal is that these statutes named in the indictment are not criminal statutes and therefore cannot trigger the provision of the conspiracy criminal statute, Miss. Code Ann. § 97-1-1(h) "to accomplish an unlawful purpose." Miss. Code Ann. § 97-1-1 (1972) in pertinent part provides:
If two (2) or more persons conspire either:
(a) To commit a crime; or... .
(h) To accomplish any unlawful purpose, or a lawful purpose by any unlawful means; such persons, and each of them, shall be guilty of a felony and upon conviction shall be fined not less than five hundred dollars ($500.00) nor more than five thousand dollars ($5,000.00) or shall be imprisoned not less than one (1) year nor more than five (5) years or both.
Provided, that where the crime conspired to be committed is a misdemeanor, then upon conviction said crime shall be punished as a misdemeanor as provided by law.
However, the appellant overlooks the penalty statutes which do make the violation of these requirements a crime. The penalty for violation of Miss. Code Ann. § 83-5-55 of filing a false return is found in § 83-5-69, Miss. Code Ann., (1972). This penalty section provides that any insurance company willfully making a false annual statement and the person making the oath are severally guilty of a misdemeanor and, upon conviction, shall be punished by a fine of not less than five hundred nor more than one thousand dollars. It further provides that any person making oath to such false statement shall be guilty of the crime of perjury.
The penalty for failure to report the impairment of surplus is found in § 83-19-75, Miss. Code Ann., (1972). This section provides that if the surplus of the insurance company becomes impaired and such impairment is not reported to the Commission of Insurance within ten days after the impairment occurs, then the officers are guilty of a misdemeanor and, upon conviction, shall be punished by a fine of not more than five hundred dollars and/or by imprisonment in the county jail for not more than six months.
This Court does not agree that the indictment must include the penalty sections of the code to trigger the conspiracy provisions of § 97-1-1, Miss. Code Ann. (1972). The indictment included the statute sections under which Gardner was indicted. Martin v. State, 501 So.2d 1124 (Miss. 1987). It also gave concise and clear statements of the crime charged, allowing Gardner to adequately prepare his defense. Williams v. State, 445 So.2d 798 (Miss. 1984), cert. denied, 469 U.S. 1117, 105 S.Ct. 803, 83 L.Ed.2d 795 (1985). This Court concludes that a felony is properly charged on this indictment in clear and unambiguous terms.
The lower court erred, however, in sentencing Gardner to serve a term of five years (two years suspended and three years to serve) in the Mississippi Department of Corrections. Section 97-1-1, Miss. Code Ann., (1972), is clear on its face. Where the crime conspired to be committed is a misdemeanor, then upon conviction, the crime is to be punished as a misdemeanor. As previously noted, the filing of a false return and the failure to report the impairment of surplus are misdemeanors. Gardner's punishment should therefore not exceed a fine of one thousand dollars and/or six months in the county jail.

II.

DOES SECTION 97-1-1, MISS. CODE ANN. (1972) MEET THE REQUISITE MINIMUM DUE PROCESS REQUIREMENTS OF NOTICE AND DEFINITENESS?
The issue regarding the constitutionality vel non of § 97-1-1, Miss.Code *809 Ann. (1972), was not raised in Gardner's motion for post-conviction relief and may not be raised now. Colburn v. State, 431 So.2d 1111, 1114 (Miss. 1983).
Notwithstanding this failure of the defendant to raise this issue before the trial court, this Court disagrees with Gardner that § 97-1-1 through §§ 83-19-31 and 83-19-73 fail to set forth what accounting principles are to be used to determine the minimum capital and surplus requirements of an insurance company.
These statutes are not so vague and uncertain that they failed to inform Gardner what action and conduct would render him liable to penalties. "The test is whether the language conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices." Cassibry v. State, 404 So.2d 1360, 1368 (Miss. 1981) (quoting Jordon v. DeGeorge, 341 U.S. 223, 231, 71 S.Ct. 703, 707, 95 L.Ed. 886 (1951)). See also Roth v. U.S., 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957).
The Insurance Department sets the accounting standards for insurance companies to use in the State of Mississippi, and these accounting standards have developed over the years through experience. Even though the Insurance Department does not provide written accounting procedures, the common practice is to contact the Insurance Department when there are questions regarding a particular matter and the Department issues a letter stating what procedures are to be followed in that instance. While this Court recommends that the Insurance Department promulgate written accounting procedures in order to eliminate confusion, these statutes are not void due to the lack of such written procedures. "In the field of regulatory statutes governing business activities, where the acts limited are in a narrow category, greater leeway is allowed with respect to the definiteness of the statutory language." Papachristou v. Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110, 111 (1972).
This Court concludes that this assignment is without merit.

III. & IV.

WAS JACKIE GARDNER'S PLEA OF GUILTY MADE KNOWINGLY AND VOLUNTARILY AND SHOULD THE TRIAL COURT HAVE ALLOWED THE DEFENDANT TO WITHDRAW HIS GUILTY PLEA?
Gardner contends his attorney advised him that he would receive no jail time under the plea bargain and that he could appeal a felony sentence because the indictment only charged him with a misdemeanor. Gardner argues that his plea was involuntary and unknowing because it was based on this advice.
Both the district attorney and the assistant district attorney affirmed that the only plea bargain in existence was that stated when Gardner pled guilty. In exchange for the plea of guilty, the State agreed to request that the Court nol pros the conspiracy to commit perjury charge and to not object to a suspended sentence. As held in Salter v. State, 387 So.2d 81, 83 (Miss. 1980), the State is bound by its plea bargain agreement and the record reflects that the State kept its part of the bargain. The record also reflects that Gardner was aware of this plea bargain. It was stated in his petition to plead guilty and in open court at the time he pled guilty.
In regards to the advice of counsel, "[t]his Court has recognized that mistaken advice of counsel may in some cases vitiate a guilty plea." Tiller v. State, 440 So.2d 1001, 1006 (Miss. 1983). See Baker v. State, 358 So.2d 401 (Miss. 1978); Sanders v. State, 440 So.2d 278, 284 (Miss. 1983). Counsel's representation that a specified minimal sentence will be received may render a guilty plea involuntary, but "mere expectation or hope" is not sufficient. Sanders at 280, 287. Yates v. State, 189 So.2d 917 (Miss. 1966).
Here, as in Sanders, the thoroughness with which Gardner was interrogated by the lower court at the time his plea was tendered is the most significant evidence of all. For, without regard to the advice or instructions Gardner may have been given *810 by his attorney, the lower court's questioning and explanations to Gardner of his rights and of the consequences of his plea were sufficient to render the plea voluntary. Sanders at 288.
"Solemn declarations in open court [by a defendant] carry a strong presumption of verity." Baker v. State, 358 So.2d 401, 403 (Miss. 1978) (quoting Blackledge v. Allison, 431 U.S. 63, 97 S.Ct. 1621, 52 L.Ed. 136 (1977)).
The record supports the conclusion that Gardner's plea was intelligently made. As in Brady v. U.S., 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), "[h]e was advised by competent counsel, he was made aware of the nature of the charge against him, and there was nothing to indicate that he was incompetent or otherwise not in control of his mental faculties... ." Brady at 756, 90 S.Ct. at 1473. Gardner failed to prove by clear and convincing evidence that his plea was not voluntary. Sanders at 288. See Baker at 401; Botts v. State, 210 So.2d 777 (Miss. 1968). The appellant's plea is upheld as one knowingly, voluntarily, and intelligently entered. The trial court ruled properly in denial of the appellant's request to withdraw.

V.

DID THE LOWER COURT ALLOW JACKIE GARDNER SUFFICIENT TIME TO REVIEW HIS PRE-SENTENCE REPORT?
At the change of plea hearing on July 28, 1986, the lower court directed the preparation of a pre-sentence report pursuant to Rule 6.02 of the Mississippi Uniform Criminal Rules of Circuit Court Practice. Rule 6.03 of the Mississippi Uniform Criminal Rules of Circuit Court Practice provides that the judge "may" disclose the contents to counsel of record before sentencing. Additionally the rule provides that in a bifurcated hearing, all factual material shall be disclosed to both the State and the defendant "a reasonable time prior to sentencing so as to afford a reasonable opportunity for verification of the material."
Gardner was provided with a copy of the pre-sentence report at the sentencing hearing. He did not request additional time to review the report at that time. However, he did offer suggested corrections to the report. This Court holds there is no merit to this assignment.
This Court holds that the trial court exceeded the sanctions provided for in § 97-1-1, Miss. Code Ann. (1972), as amended. Gardner should have received a misdemeanor sentence. The petition to vacate the conviction is denied; however, the sentence is vacated and this case is remanded for resentencing as a misdemeanor in accord with the statute, Miss. Code Ann. § 99-19-31.
PETITION TO VACATE CONVICTION DENIED; SENTENCE IS VACATED AND CASE REMANDED TO CIRCUIT COURT OF HINDS COUNTY FOR RESENTENCING AS A MISDEMEANOR UNDER MISS. CODE ANN. § 99-19-31 (1972) AS AMENDED.
ROY NOBLE LEE, C.J., and ROBERTSON, GRIFFIN and ZUCCARO, JJ., concur.
HAWKINS, P.J., and ANDERSON and SULLIVAN, JJ., dissent.
DAN M. LEE, P.J., not participating.
ANDERSON, Justice, dissenting:
I respectfully dissent to Section I of the majority opinion and would affirm the conviction and sentence. As noted in the majority opinion, in addition to its misdemeanor provisions, Mississippi Code Annotated, Section 83-5-69 (1972), provides that "[a]ny person making oath to such false statement shall be guilty of the crime of perjury." Mississippi's perjury statute, MCA § 97-9-61, establishes that perjury is a felony offense. Therefore, under MCA § 97-1-1(a) and (h), the appellant's sentence was proper.
I would affirm the conviction and sentence.
HAWKINS, P.J., and SULLIVAN, J., join in this dissent.