846 So.2d 271 (2002)
Derrick PRUITT a/k/a Derrick Solomon Pruitt, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00828-COA.
Court of Appeals of Mississippi.
November 26, 2002.
Rehearing Denied January 28, 2003.
Certiorari Denied May 15, 2003.
*272 Derrick Pruitt, pro se, attorney for appellant.
Office of the Attorney General by Jean Smith Vaughan, attorney for appellee.
Before SOUTHWICK, P.J., LEE, MYERS and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. Derrick Pruitt was convicted of armed robbery in the Circuit Court of Washington County. Pruitt was sentenced to eighteen years in the custody of the Mississippi Department of Corrections as a habitual offender based on two prior felony convictions. On October 11, 2000, Pruitt filed a motion for post-conviction relief (PCR) challenging the validity of one of the prior felony convictions. Pruitt filed a motion for production of documents on November 1, 2000, and a motion for summary judgment on December 13, 2000. On January 3, 2001, the trial court entered an order dismissing the PCR motion as time barred and denying all associated motions.
*273 ¶ 2. Pruitt has appealed pro se from the trial court's order. He raises six issues regarding his sentence in one of the underlying felonies, and challenges the denial of his motion for production of documents. Finding no error, we affirm.

FACTS
¶ 3. On August 9,1983, Pruitt pled guilty to armed robbery and was sentenced to serve fifteen years in the Mississippi Department of Corrections with the last seven suspended. On February 8,1993, Pruitt pled guilty to grand larceny for theft of a cash register. Pruitt's probation was revoked, and he was sentenced to two years, to serve one year concurrently with his previous sentence and one year suspended. On November 29, 1994, Pruitt robbed a convenience store customer at gunpoint. After a bench trial, he was convicted of armed robbery and sentenced to eighteen years without the possibility of parole based on the two previous felony convictions. The conviction was affirmed by this Court on July 29, 1997, and a mandate issued on February 12, 1998.

ISSUES AND ANALYSIS
¶ 4. Since he proceeds pro se, we have afforded Pruitt substantial latitude in reviewing his briefs and the record. Myers v. State, 583 So.2d 174, 175 (Miss.1991). Pruitt's issues are:
I. THE TRIAL COURT ERRONEOUSLY RELIED ON THE PROCEDURAL TIME BAR TO PREVENT REVIEW OF PRUITT'S UNDERLYING CONVICTION AND SENTENCE.
II. THE TRIAL COURT ERRED BY NOT GRANTING SUMMARY JUDGMENT FOR PRUITT SINCE THERE WAS NO GENUINE ISSUE OF MATERIAL FACT BECAUSE OF THE ILLEGAL SENTENCE RECEIVED IN THE UNDERLYING CONVICTION.
III. PRUITT'S GUILTY PLEA IN THE 1993 CONVICTION WAS INEFFECTIVE SINCE HE WAS IMPROPERLY INDUCED TO PLEAD GUILTY BY THE PROSECUTION IN EXCHANGE FOR AN ILLEGAL SENTENCE.
IV. IT WAS ERROR OF A CONSTITUTIONAL MAGNITUDE TO USE THE 1993 CONVICTION AS AN ENHANCING FELONY BECAUSE OF THE ILLEGAL SENTENCE.
V. USE OF THE 1993 CONVICTION AND ILLEGAL SENTENCE FOR ENHANCEMENT WAS NOT HARMLESS ERROR AND VIOLATED PRUITT'S FUNDAMENTAL RIGHTS, THOUGH PRUITT ULTIMATELY BENEFITTED FROM THE SUSPENDED SENTENCE.
VI. THE PHILLIPS RULE THAT PRECLUDES REVIEW OF ENHANCING FELONIES AT SENTENCING, TOGETHER WITH THE PROCEDURAL TIME BAR, OPERATED AS A BAR TO COLLATERAL ATTACK OF ENHANCING FELONIES AND DENIED PRUITT DUE PROCESS OF LAW, IN VIOLATION OF THE MISSISSIPPI AND UNITED STATES CONSTITUTIONS.
VII. THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING PRUITT'S MOTION FOR PRODUCTION OF DOCUMENTS.
¶ 5. In review of the trial court's dismissal of a PCR motion, we will not disturb the factual findings of the trial court unless they are determined to be clearly erroneous. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). However, if a question of law is raised, then the review is de novo. Laushaw v. State, 791 So.2d 854, 856 (¶ 13) (Miss.Ct.App.2001).
*274 ¶ 6. We will begin by addressing Pruitt's 1993 grand larceny sentence and attendant issues. The trial court dismissed Pruitt's motion for post-conviction relief as time barred because the motion attacked a sentence Pruitt received in 1993, seven years prior to the instant motion. Mississippi Code Annotated § 99-39-5(2) (Rev.2000) provides that Pruitt had three years after the entry of judgment of conviction of grand larceny to request post-conviction relief. Pruitt's case fits none of the statutory exceptions to this three-year limitation for
(1) cases in which the prisoner can show that there has been an intervening decision of the Mississippi or United States Supreme Court which would adversely affect the outcome of his conviction, (2) cases in which he has new evidence, not discoverable at trial, that would have caused a different result in conviction or sentence, or (3) cases in which the prisoner claims his sentence has expired or his probation, parole or conditional release has unlawfully been revoked.
Laushaw, 791 So.2d at 856(¶ 9) (summarizing the statutory exceptions).
¶ 7. There is another exception to the procedural time bar. "Errors affecting fundamental constitutional rights may be excepted from procedural bars which would otherwise prohibit their consideration" Luckett v. State, 582 So.2d 428, 430 (Miss.1991). The sum of Pruitt's first five arguments is that he should be excepted from the time bar since the grand larceny sentence was illegal and impacted his fundamental constitutional rights. We will review Pruitt's claim because the three-year bar generally does not preclude review of a motion seeking relief from an illegal sentence. Graves v. State, 822 So.2d 1089, 1092 (¶ 12) (Miss.Ct.App.2002).
¶ 8. Pruitt argues the sentence of two years with one year suspended was illegal because, as a prior felon, he was not eligible for a partially suspended sentence. He is correct. Mississippi Code Annotated § 47-7-33 (Rev.2000) prevents a trial court from suspending the sentence of a defendant who has been convicted of a felony on a previous occasion. Id. See Graves, 822 So.2d at 1091(¶ 8). Pruitt alleges that the offer of this illegal sentence induced him to plead guilty.
¶ 9. The right of freedom from an illegal sentence is a fundamental right. Luckett, 582 So.2d at 430. A defendant's fundamental right of freedom from an illegal sentence is violated when the sentence imposes an undue burden on the defendant, such as when the offer induces a plea and the State later seeks to rescind the suspension solely because it was statutorily barred. Graves, 822 So.2d at 1092 (¶ 11); Chancellor v. State, 809 So.2d 700, 702(¶ 8) (Miss.Ct.App.2001). In this case, Pruitt benefitted from the illegal sentence since it was a more lenient sentence than he was actually entitled to receive. Therefore, Pruitt suffered no fundamental unfairness from the illegal sentence, and his fundamental rights were not violated. McGleachie v. State, 800 So.2d 561, 563(¶ 4) (Miss.Ct.App.2001); Chancellor, 809 So.2d at 702(¶ 8).
¶ 10. Pruitt avers that the sentence was an undue burden since it became burdensome at the moment the trial court used it to enhance his armed robbery sentence. This argument is without merit. A convicted felon may not quietly enjoy the benefits of an illegally lenient sentence, and later attack the sentence when suddenly it is in his interest to do so. Graves, 822 So.2d at 1092 (¶ 11).
¶ 11. Pruitt's sixth assignment of error is that he was denied due process because the time bar limited his ability to attack his habitual offender status in post-conviction *275 proceedings. Phillips v. State, 421 So.2d 476, 481 (Miss.1982), established that at a sentencing hearing to determine habitual offender status, the trial court's review of enhancing felonies is limited to facial review of the convictions to determine voluntariness. Id. Any attack upon an enhancing felony which goes beyond the face of the record of the conviction must be prosecuted in a collateral proceeding. Pruitt argues the Phillips rule prevented review of the 1993 sentence at the habitual offender sentencing hearing, and he was unable to attack the sentence on PCR because of the three year limitation. He alleges that he neglected to attack the 1993 sentence within three years after entry of judgment because he lacked incentive to do so until the sentence was used for enhancement.
¶ 12. This issue is without merit. This Court has reviewed Pruitt's sentence and concluded that he is entitled to no relief. Even had we refused to consider the sentence, Pruitt's lack of incentive to have the sentence reviewed until it was used for enhancement does not implicate due process. "The fact [the appellant] was not interested in implementing a challenge until after he had committed more crimes is not an objective, external factor that impeded his ability to raise these claims within Mississippi's time period." Moore v. Roberts, 83 F.3d 699, 704 (5th Cir.1996). "The establishment of these time boundaries is a legislative prerogative. That body has the right to fix reasonable periods within which an action shall be brought and, within its sound discretion, determine the limitation period." House v. State, 754 So.2d 1147, 1150(¶ 9) (Miss. 1999) (quoting Cole v. State, 608 So.2d 1313, 1317-18 (Miss.1992)). Additionally, Pruitt's incentive to challenge the sentence should have arisen when he established his habitual offender status with the armed robbery in 1994, well within the time to file a PCR motion in the 1993 conviction. Pruitt is not entitled to any relief, and we affirm the dismissal of his PCR motion, and the denial of his motion for summary judgment.
¶ 13. Pruitt's final issue is that the trial court improperly denied his motion for production of documents. The motion requested copies of Pruitt's indictment, plea agreement, and transcript of the plea hearing from each underlying felony, and the probationary report from the 1983 armed robbery conviction. Pruitt attached the affidavit of his attorney, Willie Bailey, whose attempt to procure the transcripts was unsuccessful because the transcripts could not be located.
¶ 14. Mississippi Code Annotated § 99-39-15 (Rev.2000) provides, "A party may invoke the processes of discovery available under the Mississippi Rules of Civil Procedure or elsewhere in the usages and principles of law if, and to the extent that, the judge in the exercise of good discretion and for good cause shown grants leave to do so, but not otherwise." Id. The standard of review for the trial judge's denial of a motion under this section is abuse of discretion. Roland v. State, 666 So.2d 747, 751 (Miss.1995). The movant's PCR motion must withstand summary dismissal, and the information sought must be relevant to issues raised in the motion. Id.
¶ 15. Pruitt was not entitled to discovery. Pruitt's PCR motion did not withstand summary dismissal. Neither did Pruitt demonstrate any specific need for the documents to support the PCR motion. The crux of Pruitt's arguments is that his sentence was illegal, and this argument was aptly illustrated by the sentencing order from the 1993 conviction that was included in the record. The trial court's *276 denial of the motion for production of documents was not an abuse of discretion.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY DISMISSING WITH PREJUDICE POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.