861 So.2d 371 (2003)
Randy THOMAS, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00331-COA.
Court of Appeals of Mississippi.
December 16, 2003.
*372 Randy Thomas, appellant, pro se.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, P.J., LEE and CHANDLER, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. In February 2000, Randy Thomas and Tim Smith were at a nightclub in Fayette. While outside the club, Thomas and Smith fired handguns into the crowd, and one of the bullets hit and killed Christopher Dewayne Jackson.
¶ 2. A Jefferson County grand jury indicted Thomas for murder, and in June 2000, Thomas pled guilty to manslaughter. He was sentenced to twenty years in prison, with fifteen years to serve and five years of post-release supervision. He was also ordered to pay court costs and jury costs. His motion for post-conviction relief was denied, and he now appeals to this Court arguing that his counsel was ineffective, his plea was not knowingly and voluntarily entered, the evidence was insufficient, he was denied due process, he was entitled to an evidentiary hearing, and his sentence was illegal. He asks that we either reverse and vacate his sentence or afford him an evidentiary hearing. Having reviewed these issues, we find no merit; thus, we affirm the denial of his petition for post-conviction relief.

DISCUSSION OF THE ISSUES
¶ 3. Thomas lists several issues, but essentially only argues three: his counsel was ineffective, his plea was not knowingly, intelligently and voluntarily entered, and he was improperly denied an evidentiary hearing.

I. WAS THE APPELLANT DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 4. Concerning the right to effective counsel, we look to the standard of review enunciated in Strickland v. Washington, 466 U.S. 668, 669, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), which requires that *373 Thomas show, first, that his counsel's performance was deficient, and, second, that the deficient performance prejudiced Thomas's defense so as to deprive him of a fair trial. However, "[a] strong but rebuttable presumption exists that `counsel's conduct falls within a broad range of reasonable professional assistance.'" Ross v. State, 802 So.2d 171(¶ 6) (Miss.Ct.App. 2001).
¶ 5. Thomas cites several examples of how his counsel's performance was deficient. He claims that his counsel coerced him into pleading guilty by telling him, "he didn't have much of a choice," and that he must either plead guilty or face life in prison for the murder charge. Thomas further claims his attorney took advantage of Thomas's mental illness in coercing him to plead guilty while, at the same time, withholding from him the fact that his co defendant, Timothy Smith, had already actually confessed to the crime.
¶ 6. Looking to the record which contains the transcript from Thomas's plea hearing, we find no indication that Thomas's attorney performed in a deficient manner. Thomas told the judge he was guilty of manslaughter, affirmed that his attorney explained everything in his petition to plead guilty and that he understood everything in the petition, affirmed that his attorney had explained what constitutional rights Thomas was giving up by pleading guilty, affirmed that his attorney had explained all of the law concerning murder and manslaughter to him including possible sentences, affirmed that he told his attorney all the facts and circumstances surrounding his case, affirmed that he was satisfied with the advice and help his attorney gave him and that he had no problem with his lawyer, affirmed that no one had influenced him or promised him anything as a reward for pleading guilty, and affirmed that no one used any threats or force to compel his plea. The judge even asked Thomas specifically about the effectiveness of his counsel:
THE COURT: Sometimes after a person pleads guilty, I receive petitions and letters and so forth from them that tell me their lawyer made them plead guilty or their family members did or the DA did or the sheriff's office did or somebody, and I want to make sure that's not the case with you. This is your decision and yours alone; is that right?
THE DEFENDANT: Yes, sir.
¶ 7. Having reviewed the transcript from the plea hearing, we find no evidence that Thomas's attorney performed in a deficient manner or that any supposed deficiency in any way prejudiced Thomas. We find no merit to this issue.
¶ 8. Under the heading of "ineffective assistance of counsel," Thomas also contends that his sentence of twenty years' imprisonment with fifteen years to serve and five years suspended was illegal, and his attorney was ineffective in allowing Thomas to plead to such. In the transcript from Thomas's plea hearing, the court asked and Thomas affirmed that he had previously been convicted of a felony. Thus, he was not entitled to receive a suspended sentence, but would have to serve up to twenty years in prison, as mandated by statute.
¶ 9. In Pruitt v. State, 846 So.2d 271(¶ 8) (Miss.Ct.App.2002), the defendant argued his sentence was illegal because he was a convicted felon yet received a suspended sentence in contradiction to statute. This Court stated that Pruitt was correct that his sentence was not in conformity with statute, but we explained the following:
Mississippi Code Annotated § 47-7-33 (Rev.2000) prevents a trial court from *374 suspending the sentence of a defendant who has been convicted of a felony on a previous occasion. Pruitt alleges that the offer of this illegal sentence induced him to plead guilty.
The right of freedom from an illegal sentence is a fundamental right. A defendant's fundamental right of freedom from an illegal sentence is violated when the sentence imposes an undue burden on the defendant, such as when the offer induces a plea and the State later seeks to rescind the suspension solely because it was statutorily barred. In this case, Pruitt benefitted from the illegal sentence since it was a more lenient sentence than he was actually entitled to receive. Therefore, Pruitt suffered no fundamental unfairness from the illegal sentence, and his fundamental rights were not violated.
Pruitt, 846 So.2d at (¶¶ 8-9) (citations omitted). This Court further noted that, "A convicted felon may not quietly enjoy the benefits of an illegally lenient sentence, and later attack the sentence when suddenly it is in his interest to do so." Id. at(¶ 10). As occurred in Pruitt, here, Thomas actually benefitted from the illegal sentence; thus, he was not denied his fundamental right from an illegal sentence, and we find no ineffective assistance of counsel or other error here.

II. WAS APPELLANT'S PLEA KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED?
¶ 10. Along with arguing that his counsel was ineffective, Thomas claims that his guilty plea was not entered knowingly, intelligently and voluntarily as a result of his attorney's failure to completely inform him of other circumstances in his case. Specifically, Thomas claims his attorney failed to inform him that his co-defendant, Timothy Smith, had already confessed to the crime at the time Thomas was negotiating his plea agreement and that his attorney told him he did not have "much of a choice in the matter" from his professional point of view. Thomas also claims that his eighth grade education and state of mental retardation left him "at the mercy of the legal forces."
¶ 11. In Barnes v. State, 803 So.2d 1271 (Miss.Ct.App.2002), this Court addressed the issue of guilty pleas, citing to Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and enunciated the standard for determining whether a guilty plea is knowingly, voluntarily and intelligently made by a defendant.
The privileges and rights waived by a guilty plea include the right against compulsory self-incrimination, the right to a trial by jury and the right to cross examine witnesses. Where the record is silent as to evidence showing that these rights were known and understood by the defendant, there can be no presumption of a waiver of such rights by him.
Barnes, 803 So.2d at (¶ 8) (citations omitted). Additionally, Barnes stated that voluntariness would be evaluated by examining whether the defendant, "was advised of the nature of the charges against him, the rights which he would be waiving by pleading guilty, the maximum sentences that he could receive for the crimes with which he was charged and whether he was satisfied with the advice and counsel of his attorney." Id. at (¶ 9). The defendant has the burden of proving his plea was not voluntary. Id.
¶ 12. As explained in Issue I, the transcript from Thomas's plea hearing clearly shows that he was apprized of his constitutional rights and those he was waiving by pleading guilty. Also, the transcript shows that Thomas was told the maximum sentences that he could receive for the crimes with which he was charged. Thomas *375 affirmed to the judge that he was satisfied with the advice and counsel of his attorney. Thomas has not met his burden of proof; therefore, we find no merit to this issue.

III. WAS APPELLANT IMPROPERLY DENIED AN EVIDENTIARY HEARING?
¶ 13. Concerning Thomas's right to an evidentiary hearing, we look to Young v. State, 797 So.2d 239(¶ 11) (Miss. Ct.App.2001), which holds that an evidentiary hearing regarding voluntariness of a guilty plea becomes necessary if the plea hearing fails to show that the petitioner was advised of the rights of which he allegedly asserts ignorance.
¶ 14. As explained herein, Thomas was adequately and thoroughly questioned concerning his understanding of the proceedings and effect of his pleading guilty. We find no merit to this issue.
¶ 15. Thomas's other claims that he was not informed of his constitutional rights and that the evidence did not support his conviction are all clearly rebutted by the transcript of Thomas's hearing. Having found no merit to any of Thomas's issues raised on appeal, we affirm the denial of his petition for post-conviction relief.
¶ 16. THE JUDGMENT OF THE JEFFERSON COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO JEFFERSON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.