# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-01389-COA

**CHARLES MCLAURIN, JR. A/K/A CHARLES MCLAURINS, JR. A/K/A CHARLES MCLAURIN A/K/A CHARLES MCLAUREN**                                     APPELLANT

**v.**

**STATE OF MISSISSIPPI**                                                         APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/26/2014 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CHARLES MCLAURIN JR. (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL: BY: BILLY L. GORE  JOHN R. HENRY JR. |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED PETITION FOR POST-CONVICTION COLLATERAL RELIEF |
| DISPOSITION: | AFFIRMED: 04/12/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., CARLTON AND JAMES, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Charles McLaurin appeals the denial of his petition for post-conviction collateral relief (PCCR).  He argues that: (1) his guilty plea was involuntary, (2) his motions prior to the plea hearing were never ruled upon, (3) he received an illegal sentence, (4) he should have received a free copy of the transcript of his plea hearing or, alternatively, an evidentiary hearing before the circuit court, (5) he received ineffective assistance of counsel, and (6) his due-process rights were violated.  Finding no error, we affirm.

FACTS

¶2. On July 15, 2013, McLaurin pleaded guilty as a habitual offender to two felony shoplifting offenses that occurred in 2010. McLaurin was already serving a four-year sentence in Louisiana, and the judge agreed to allow McLaurin's Mississippi sentence to run concurrently with the time he was serving in Louisiana. McLaurin's sentencing order sentenced him as follows:

> . . . [A] total of Four (4) Years to serve in the custody of the Mississippi Department of Corrections pursuant to Section 99-19-81[,[1]] . . . said sentence being without hope of parole or probation in the custody of the Mississippi Department of Corrections. This sentence shall run concurrently with the defendant's sentence in East Baton Rouge Parish, Louisiana . . . . The defendant shall receive credit for time served.

¶3. McLaurin misunderstood this sentence and thought that (1) he would receive credit for the time he served in Louisiana, and (2) he would be returned to Louisiana to serve the remainder of his Mississippi sentence. He sought relief through the MDOC administrative process, then filed a motion with the circuit court for a review.[2] He subsequently filed multiple motions and pleadings with the circuit court in an effort to be transferred to Louisiana and to clarify his sentence. The circuit court issued orders in reference to each motion, denying relief and clarifying that the Mississippi and Louisiana sentences were to run concurrently during the time that the sentences overlapped from the date that the Mississippi sentence began and also that the court could not order another state to house a

---

[1] Miss. Code Ann. § 99-19-81 (Rev. 2015).

[2] McLaurin previously appealed to this Court. His appeal was dismissed for lack of jurisdiction. *McLaurin v. State*, 181 So. 3d 1029, 1031 (¶10) (Miss. Ct. App. 2015).

Mississippi inmate. McLaurin then filed a PCCR petition, which was denied. It is from this judgment that he now appeals.

ANALYSIS

¶4. "A circuit court's denial of post-conviction relief will not be reversed absent a finding that the court's decision was clearly erroneous." *Morris v. State*, 66 So. 3d 716, 719 (¶13) (Miss. Ct. App. 2011). But "when issues of law are raised, the proper standard of review is de novo." *Id.*

      *I.      Whether McLaurin's guilty plea was voluntary.*

¶5. McLaurin's arguments regarding his guilty plea essentially center around multiple factual misrepresentations. McLaurin claims that the circuit court agreed to apply time he served on a previous Louisiana sentence to his time to be served in Mississippi and that the court also agreed to send him to Louisiana to serve the remainder of his Mississippi sentence. He contends that because of this "unkept bargain," his guilty plea was involuntary and his "plea agreement" was breached.

¶6. In assessing whether a guilty plea is knowingly, voluntarily, and intelligently made, this Court considers "whether the defendant was advised of the nature of the charges against him, the rights which he would waive by pleading guilty, the maximum sentences that he could receive for the crimes charged, and whether he was satisfied with the advice and counsel of his attorney." *Richardson v. State*, 856 So. 2d 758, 761 (¶10) (Miss. Ct. App. 2003). "It should be noted that solemn declarations in open court [by a defendant] carry a strong presumption of verity." *Barnes v. State*, 803 So. 2d 1271, 1274 (¶10) (Miss. Ct. App.

3

2002).

¶7.    The defendant bears the burden of proving that a guilty plea was not made voluntarily. *Id.* The defendant's plea will be upheld if this burden is not met. *Id.* "Further, the record must reflect that the trial court thoroughly advised the defendant of all the consequences of a guilty plea, including the waiver of rights, satisfaction with [his] attorney[,] and advisement on the maximum and minimum penalties [he could] acquire for the crime committed." *Id.*

¶8.    A review of the plea-hearing transcript reveals that the circuit court never agreed to send McLaurin to Louisiana, though the court did agree to allow his Mississippi sentence to run concurrently with his Louisiana sentence. McLaurin claims that the circuit judge asked him, "If I send you back to Louisiana will you still be able to get your medication?" He uses this to bolster his argument that the judge intended for him to be sent back to Louisiana. But this statement and the discussion McLaurin claims took place is not present in the transcript before this Court.

¶9.    On the contrary, the transcript reveals a thorough discussion between McLaurin and the judge regarding his previous charges in Louisiana and his guilt as to the charges in Mississippi. The court did discuss whether McLaurin was on medication in order to determine that he was in control of his mental faculties. The judge discussed each charge along with the corresponding sentence and McLaurin's status as a habitual offender. The plea colloquy reveals that McLaurin's plea was voluntary. While he essentially argues that he pleaded guilty based on his understanding that he would be sent to Louisiana and would receive time served for a previous conviction in that state, these assertions are not supported

4

by the record.  It is true that "an attack on a facially correct plea may survive summary dismissal if supporting affidavits of other persons are attached," but McLaurin has not provided any such evidence to support his claims.  *Rigdon v. State*, 126 So. 3d 931, 934-35 (¶10) (Miss. Ct. App. 2013).  This issue is without merit.

        II.      *Whether McLaurin's previous motions should have been ruled upon.*

¶10.    Relatedly, McLaurin argues that his requests for discovery, his motion to suppress, and his demand for a speedy trial were never addressed by the trial court.  It is "recognized that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial."  *Anderson v. State*, 577 So. 2d 390, 391 (Miss. 1991).  Having found McLaurin's guilty plea voluntary and valid, we find this issue is without merit.

        III.     *Whether McLaurin received an illegal sentence.*

¶11.    McLaurin next claims that his sentence is illegal because he was not sent back to Louisiana and did not receive credit for twenty-two months that he served in Louisiana prior to his guilty plea in Mississippi.  McLaurin's argument fails, first, because the circuit court never ordered or even discussed the possibility that McLaurin would be sent back to Louisiana.  Second, the sentence McLaurin received falls within the parameters of the felony shoplifting statute as it stood when he committed the crime and when he pleaded guilty.  Miss. Code Ann. § 97-23-93(1)(6) (Rev. 2014).  This issue is without merit.

        IV.     *Whether McLaurin was entitled to the transcript of the plea hearing or, alternatively, should have received an evidentiary hearing.*

¶12.    McLaurin claims that he was improperly denied a free copy of the plea-hearing transcript.  Because he was denied the free transcript, he argues that he should have been

granted an evidentiary hearing.

¶13.    "When a defendant pleads guilty, he bypasses the right to a direct appeal, and he forfeits the right to a free transcript." *Evans v. State*, 61 So. 3d 922, 926 (¶17) (Miss. Ct. App. 2011).  In order "[t]o obtain a free copy of a guilty-plea transcript, a movant has the burden of proving that he has been prejudiced on appeal by not having prior access to such transcript." *Id.*  "This prejudice can be proven by showing specific need or proving that the transcript was necessary to decide a specific issue." *Id.*

¶14.    When McLaurin initially requested a copy of his transcript and the record, he did not list any reasons for his request and simply stated that it was "necessary."  Because he did not show a specific need for the transcript, the court properly denied his request.

¶15.    Because McLaurin was denied a free transcript, he argues that he should have received an evidentiary hearing regarding his PCCR petition.  However, "[t]he right to an evidentiary hearing is not guaranteed." *Brister v. State*, 858 So. 2d 181, 182 (¶5) (Miss. Ct. App. 2003).  "The trial judge has discretion in allowing an evidentiary hearing[.]" *Id.* Pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2015), "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified."  Here, the judge reviewed the record and determined that an evidentiary hearing was not necessary.  Upon our review, we find no different as each of McLaurin's assertions was adequately addressed within the record.  This issue is without merit.

### V. Whether McLaurin received ineffective assistance of counsel.

¶16. McLaurin next argues that he received ineffective assistance of counsel because his attorney erroneously advised him as to the sentencing arrangement and guilty plea. He also argues that his attorney should have objected at the plea hearing and that his attorney should have asked the judge to rule on any pretrial motions.

¶17. "A voluntary guilty plea waives claims of ineffective assistance of counsel except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Rigdon*, 126 So. 3d at 936 (¶16). Furthermore, "[i]n cases involving post-conviction collateral relief, where a party offers only his affidavit, then his ineffective assistance of counsel claim is without merit." *Brooks v. State*, 89 So. 3d 626, 628 (¶6) (Miss. Ct. App. 2011).

¶18. McLaurin's claims of ineffective assistance of counsel again rely upon his misrepresentations of what occurred at the plea hearing before the circuit court. After reviewing the record and the transcript of the plea hearing, McLaurin's claims that the judge told him he would be transferred back to Louisiana as well as various other claims are unfounded. We see no evidence that McLaurin received ineffective assistance of counsel, and McLaurin has provided nothing more than his own bare assertions.

¶19. Furthermore, the transcript of the plea hearing contradicts McLaurin's current assertions. At the hearing, he told the judge that he was satisfied with the services and advice from his attorney. Notably, in exchange for pleading guilty to two shoplifting charges, the prosecutor agreed not to pursue a third shoplifting charge. McLaurin has failed to show that

his counsel was deficient; therefore, this issue is without merit.

   *VI.  Whether McLaurin's due-process rights were violated.*

¶20. Lastly, McLaurin contends that his due-process rights have been violated as he is being held in the custody of the Mississippi Department of Corrections for forty-eight months, without credit for time served for twenty-two months that he served in Louisiana. As we have found no error with his sentence, this issue is without merit.

¶21. **THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING THE PETITION FOR POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

  **LEE, C.J., IRVING, P.J., BARNES, ISHEE, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**