770 So.2d 1019 (2000)
Tyrone STOVALL, Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-CA-01242-COA.
Court of Appeals of Mississippi.
October 31, 2000.
*1020 Imhotep Alkebu-Lan, Jackson, Attorney for Appellant.
Office of the Attorney General by John R. Henry, Attorneys for Appellee.
BEFORE KING, P.J., LEE, AND MYERS, JJ.
KING, P.J., for the Court:
¶ 1. Tyrone Stovall was indicted by the grand jury of Copiah County for armed robbery and conspiracy to commit armed robbery. Stovall pled guilty to these charges and was sentenced to ten years in the custody of the Mississippi Department of Corrections for the armed robbery and five years for the conspiracy to commit armed robbery with both sentences to run concurrently. Subsequent to his plea, Stovall filed a motion for post-conviction collateral relief. The motion was dismissed without a hearing. Aggrieved by the decision Stovall perfected this appeal and raised the following issue of whether the trial court committed reversible error when it summarily denied appellant's motion for post-conviction collateral relief without a hearing.

FACTS
¶ 2. Stovall pled guilty on July 21, 1998, to charges of armed robbery and conspiracy to commit armed robbery. The trial judge questioned Stovall extensively to determine whether his pleas were knowingly, understandingly, freely and voluntarily made. The trial judge determined that Stovall was not under the influence of any intoxicants nor had he received any promises or threats which lead him to plead guilty. The trial judge advised Stovall of his constitutional right to a jury trial, other constitutional protections, and reminded him that he would no longer have the right to appeal his conviction to the supreme court. Stovall acknowledged his understanding of these rights and testified that he did commit both crimes.
¶ 3. Prior to Stovall's testimony, the district attorney presented his evidence and sentence recommendations to the court. Stovall acknowledged that the evidence was correct but denied having taken money from the store or being masked during the robbery. Stovall also explained to the court his role in the robbery and the events that took place immediately before and after the robbery.
¶ 4. As a part of its effort to insure that Stovall's plea was made knowingly and with understanding, the court informed him of the minimum and maximum sentences and fines allowable. Additionally, the trial judge specifically addressed the tendency of defendants to later claim that pressure from their attorney, family or other influences caused their plea to be involuntarily made. Stovall assured the court his plea was voluntarily given and the decision to enter a guilty plea was his own. The trial judge accepted Stovall's pleas and delayed sentencing until a presentence investigation was completed. On August 21, 1998, Stovall was sentenced to ten years for the armed robbery and five years for the conspiracy to commit armed robbery. Both sentences were to be served concurrently.
¶ 5. Subsequent to his sentencing, Stovall filed a motion for post-conviction collateral relief. The motion was dismissed without a hearing. Aggrieved by the denial, Stovall perfected this appeal.

ANALYSIS
¶ 6. Stovall argues that his plea was the result of intimidation and threats of the possibility of receiving a life sentence made by his previous attorney. As a result, Stovall contends his plea was not voluntarily given.
¶ 7. Mississippi case law defines a voluntarily and intelligently entered plea as one in which the defendant was advised about the nature of the crime charged against him and the consequences of the guilty plea. Goss v. State, 730 So.2d 568, 573 (Miss.1998); Banana v. State, 635 *1021 So.2d 851, 854 (Miss.1994). Nothing in the transcript from the plea hearing indicates Stovall's plea was involuntary. He answered affirmatively each time the court questioned his understanding of the procedure, the charge and the recommended sentence. He did not voice any dissatisfaction with his attorney when questioned. Any questions, misapprehensions or incorrect information could easily have been addressed in open court during the plea hearing. Indeed, the record indicates that Stovall corrected a statement made by the district attorney concerning his role in the robbery.
¶ 8. Stovall also contends that the emotional strain placed on his mother by this process precluded his entering a voluntary plea. Even though highly emotional at times, the entering of a guilty plea remains a personal choice. The trial judge's position is to determine whether the plea is voluntarily and intelligently given. "A trial judge is entitled to place great weight upon a defendant's initial plea under oath." Templeton v. State, 725 So.2d 764 (¶ 10) (Miss.1998). It is at that time the trial judge is able to question the defendant to his satisfaction to determine that the plea is voluntarily and intelligently given. Only then is the plea accepted. The entry of a guilty plea precludes direct appeal but not a request for post-conviction relief. When a motion for post-conviction relief is before the trial court, Miss. Code Ann. § 99-39-19(1) (Rev.1994) grants the trial judge the authority to review the record and determine whether an evidentiary hearing is required. "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal." Miss. Code Ann. § 99-39-11(2) (Supp.1999). If a hearing is not required, the trial judge "shall make such disposition of the motion as justice shall require." Miss.Code Ann. § 99-39-19(1) (Rev.1994). Stovall's motion for post-conviction relief did not contain information of sufficient weight to mandate an evidentiary hearing. We hold that the trial court did not abuse its discretion in denying Stovall's post-conviction relief request without a hearing.
¶ 9. THE ORDER OF THE CIRCUIT COURT OF COPIAH COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. APPELLANT IS TAXED WITH ALL COST OF THIS APPEAL.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.