802 So.2d 171 (2001)
Alan ROSS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00486-COA.
Court of Appeals of Mississippi.
December 18, 2001.
*173 Alan Ross, Appellant Pro Se.
Office of the Attorney General by Deirdre McCrory, for Appellee.
Before SOUTHWICK, P.J., BRIDGES, and CHANDLER, JJ.
SOUTHWICK, P.J., for the Court.
¶ 1. Alan Ross pled guilty to the charge of sale of crack cocaine in 1998. Six months later he filed for post-conviction relief, arguing that his guilty plea was not voluntarily given and that counsel had been ineffective. The trial court denied the motion without granting an evidentiary hearing. On appeal, we find no error and affirm.

DISCUSSION
¶ 2. The procedural obligations of a circuit judge upon receiving a post-conviction motion such as this are set by statute:
(1) The original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned.
(2) If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified.
(3) If the motion is not dismissed under subsection (2) of this section, the judge shall order the state to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate.
Miss.Code Ann. § 99-39-11 (Rev. 2000). The judge decided that from the face of the motion that it was obvious that it had no merit.
¶ 3. Among the shortcomings of Ross's motion is that there were no supporting affidavits. A motion must indicate what the prisoner himself can state from personal knowledge, include affidavits from others or documents on matters that are not within his personal knowledge, and show good cause for any evidentiary omissions. Miss.Code Ann. § 99-39-9(1) (Rev. 2000).
¶ 4. We now look at each claim and whether a hearing was required.

1. Ineffective assistance of counsel
¶ 5. Ross maintains that since he has no witnesses to his claim of ineffective assistance of counsel who will testify, he need not comply with this statute. To the contrary, a party usually cannot maintain a claim for ineffective assistance of counsel where that party has only his affidavit to support it. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Before a claim of ineffective assistance of counsel will warrant an evidentiary hearing, sufficient questions of fact must be raised. Walker v. State, 703 So.2d 266, 268 (Miss.1997).
¶ 6. Ross must be able to prove that his counsel's performance was deficient, and if so, that the deficiency caused the outcome of his case to be different than it otherwise would have been. Neal v. State, 525 So.2d 1279, 1281 (Miss.1987). *174 It is the defendant's burden to prove these two elements. Leatherwood v. State, 473 So.2d 964, 968-69 (Miss.1985). A strong but rebuttable presumption exists that "counsel's conduct falls within a broad range of reasonable professional assistance." McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 7. Ross makes several allegations about how his counsel's lack of diligence prejudiced him at trial, but never does he establish that but for counsel's conduct he would not have entered a guilty plea. We find nothing from Ross's assertions that required a hearing.

2. Involuntary plea
¶ 8. Ross also contends that the court committed error in denying an evidentiary hearing on the issue of the involuntariness of his plea. Mississippi precedents define "a voluntarily and intelligently entered plea as one in which the defendant was advised about the nature of the crime charged against him and the consequences of the guilty plea." Stovall v. State, 770 So.2d 1019, 1020 (Miss.Ct. App.2000). Ross was thoroughly questioned on the record at the plea hearing. He responded that he was aware of the nature of his charges and the consequences of entering a guilty plea. Ross was specifically asked about and did not express any dissatisfaction with his attorney's performance.
¶ 9. When the defendant's allegations in his affidavit for post-conviction relief are totally opposite to the "sworn testimony before the trial court at the time he entered his guilty plea," there is no need for a hearing to explore them. Taylor v. State, 682 So.2d 359, 364 (Miss.1996). The guilty plea transcript adequately shows that Ross's plea was voluntary.
¶ 10. THE JUDGMENT OF THE CIRCUIT COURT OF PONTOTOC COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO PONTOTOC COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER and BRANTLEY, JJ., concur.