BRANTLEY, J.,
for the court.
¶ 1. Ellis Taylor’s motion for post-conviction relief was denied by the Wayne County Circuit Court. Taylor appeals, arguing that his motion was timely, that his plea was involuntarily entered and that his at *1235 torney had a conflict of interest. Although we find that Taylor’s motion was timely, we affirm the lower court’s ruling that the underlying issues were without merit.
FACTS AND PROCEDURAL HISTORY
¶ 2. On October 7, 1996, Taylor pled guilty to aggravated assault. His sentencing date was set for November 5, 1996; however; Taylor failed to appear at the hearing and a bench warrant was issued for his arrest. Taylor was finally sentenced on May 6,1997.
¶ 3. A motion for post-conviction relief was filed on May 4, 2000. The lower court found that the motion was untimely. However, the court went on to address the merits of the issues raised and ultimately denied the motion finding that Taylor’s plea was voluntarily entered. Aggrieved, Taylor appeals, arguing that his motion was timely and that his plea was involuntarily made in that he1 was coerced into pleading guilty by a counsel who had a conflict of interest.
DISCUSSION OF THE ISSUE
I. WHETHER THE LOWER COURT ERRED IN FINDING THAT THE MOTION FOR POST-CONVICTION RELIEF WAS UNTIMELY.
¶ 4. In accordance with the post-conviction relief statute, a motion must be filed within three years from the date of the entry of judgment when the petitioner has pled guilty. Miss.Code Ann. § 99-39-5(2) (Rev.2000). Here, entry of judgment was on May 6, 1997. The motion was filed on May 4, 2000, within the three-year statute of limitations. Therefore, the petition was timely.
II. WHETHER THE LOWER COURT ERRED IN FINDING THAT TAYLOR’S PLEA WAS VOLUNTARY.
¶ 5. Taylor contends that his plea was involuntarily made because his counsel coerced him into pleading guilty and because he was inebriated at the time he entered his plea. In order for a plea to be voluntary, thé plea must be “one in which the defendant was advised about the nature of the crime charged against him and the consequences of the guilty plea.” Stovall v. State, 770 So.2d 1019, 1020-21 (¶ 7) (Miss.Ct.App.2000). The lower court, in its order denying the motion, referenced specific pages of the plea hearing transcript that showed Taylor was thoroughly questioned on the record regarding the crime charged, the sentencing, both maximum and minimum, and the waiver of his constitutional rights. He responded affirmatively that he was aware of the charges and the possible sentence. Taylor also indicated that he was not under the influence of any drugs or alcohol.
¶ 6. As to the possible lesser sentence, the trial judge asked Taylor whether he understood that it was up 'to the judge to determine what sentence would be imposed. Here, Taylor’s allegations are opposite to his sworn testimony during the plea hearing. The Mississippi Supreme Court has held that no hearing is necessary when the testimony from the hearing is opposite those in his allegation for post-conviction relief. Taylor v. State, 682 So.2d 359, 364 (Miss.1996). Here, the excerpts from the plea hearing clearly show that Taylor’s plea was voluntarily entered.
III.WHETHER THE LOWER COURT ERRED IN FINDING THAT TAYLOR RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL.
¶ 7. Taylor argues that he was denied effective assistance of counsel in that his counsel coerced him into pleading guilty, failed to properly investigate his case and conduct pre-trial discovery. In order to prevail on the issue of ineffective *1236 assistance of counsel, the petitioner has the burden of proof to show (1) that the performance of counsel was deficient and (2) that the defendant was prejudiced by counsel’s deficient performance. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The conduct of counsel is presumed to have been effective, although that presumption may be rebutted. Id. at 456. Therefore, our review of counsel’s performance is deferential as we look to the totality of the circumstances. Gilley v. State, 748 So.2d 123, 129(¶ 20) (Miss.1999).
¶ 8. Taylor alleges that his counsel failed to investigate the charges against him. However, the Mississippi Supreme Court has held that “complaints of ineffective assistance of counsel, because [an] attorney failed to make pretrial investigation ... are insufficient as a matter of law” without a showing that the attorney’s alleged errors resulted in a guilty plea. Harveston v. State, 597 So.2d 641, 642 (Miss.1992). Taylor also complains that his attorney failed to conduct any pre-trial discovery. A charge that an attorney did not conduct pre-trial discovery is insufficient to support a claim of ineffective assistance of counsel absent any other evidence to overcome the presumption that failure to conduct pre-trial discovery is part of trial strategy. Powell v. State, 536 So.2d 13, 16 (Miss.1988). Taylor has failed to assert that these alleged errors resulted in his entering a guilty plea.
¶ 9. In connection with his involuntary plea claim, Taylor argues that he was coerced into pleading guilty by his counsel who told him that he could get a lesser sentence. However, as stated above, the trial judge explained that he would determine the length of the sentence and the maximum and minimum sentences. Taylor stated that he understood the consequences of pleading guilty and that he had not been threatened nor promised anything in return for pleading guilty.
¶ 10. Taylor also argues that his attorney had a conflict of interest. Taylor alleges that his attorney also represented the victim in another matter a few years prior to representing Taylor. However, there is nothing in the record to prove that his counsel had represented the victim pri- or to this case. It is the duty of the appellant “to justify his arguments of error with the proper record, which does not include mere assertions in his brief.” Culbert v. State, 800 So.2d 546, 551(¶ 15) (Miss.Ct.App.2001) (quoting American Fire Protection v. Lewis, 653 So.2d 1387, 1390 (Miss.1995)). Therefore, there is no basis for finding that Taylor’s counsel has a conflict of interest. Looking at the totality of circumstances, we find that the counsel’s performance was effective.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.