[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 347 
¶ 1. Larry McKenzie pled guilty to statutory rape in Lauderdale County. After denial of his request for post-conviction relief, McKenzie appeals asserting[1]:
 1. HIS PLEA WAS NOT VOLUNTARILY, KNOWINGLY, NOR INTELLIGENTLY MADE;
 2. HE DID NOT RECEIVE EFFECTIVE ASSISTANCE OF COUNSEL;
 3. LAUDERDALE COUNTY LACKED AUTHORITY AND JURISDICTION TO ACCEPT HIS GUILTY PLEA;
 4. HE WAS SUBJECTED TO DOUBLE JEOPARDY;
 5. THE INDICTMENT WAS IMPROPER;
 6. LACK OF SUFFICIENT EVIDENCE TO SUPPORT GUILTY FINDING;
 7. HE WAS DENIED DUE PROCESS;
 8. THE UNCONSTITUTIONALITY OF THE STATUTE; AND *Page 348 
 9. HE HAS BEEN SUBJECTED TO CRUEL AND INHUMAN PUNISHMENT.
 STATEMENT OF THE FACTS
¶ 2. McKenzie was a high school teacher who engaged in a sexual relationship with one of his fifteen-year-old students. Although he first denied such relationship, McKenzie pled guilty to the crime of statutory rape.
¶ 3. McKenzie was arrested in late August of 1999. He was indicted in Lauderdale County for statutory rape on November 19, 1999. He was later indicted again in Lauderdale County for statutory rape on July 25, 2000. Sometime in August of 2000, the district attorney made an oral motion to nolle prosequi the November 1999 indictment. The only major differences in the two Lauderdale County indictments were the removal of the statutory section for proving sexual penetration and a change in the birth date of the victim. The request was granted in late August 2000. He was also indicted on January 24, 2000, in Oktibbeha County. All three indictments involved his inappropriate sexual relationship with the same victim.
¶ 4. After learning that he was wanted but prior to his arrest, McKenzie retained Dave Harbour as his defense counsel. His family hired William Ready, Sr. to assist Harbour. McKenzie alleges that when Harbour moved his practice in February 2000 and informed him that Ready Sr. would be the primary attorney. McKenzie never objected.
¶ 5. McKenzie was also sued by the mother of the victim. The complaint was filed on December 30, 1999, and served the next month. The mother's attorney was William Ready, Jr., the son of one of McKenzie's criminal defense attorneys. McKenzie knew long before his pleading that the relationship existed. McKenzie alleges that Ready Sr. helped to set the lawsuit up to pacify the mother of the victim and maybe prevent a criminal prosecution.
¶ 6. McKenzie pled guilty to the charge presented in the second Lauderdale County indictment on September 27, 2000, as part of a plea agreement.
 LEGAL ANALYSIS 1. THE PLEA WAS VOLUNTARILY, KNOWINGLY, AND INTELLIGENTLY MADE
¶ 7. In determining whether the guilty plea was made knowingly, voluntarily, and intelligently, an examination of the entire record must be conducted. Weatherspoon v. State, 736 So.2d 419, 421 (¶ 5) (Miss.Ct.App. 1999). In order for a plea to be valid, the plea must be "one in which the defendant was advised about the nature of the crime charged against him and the consequences of the guilty plea." Stovall v.State, 770 So.2d 1019, 1020-21 (¶ 7) (Miss.Ct.App. 2000). "A plea is deemed `voluntary and intelligent' only where the defendant is advised concerning the nature of the charge against him and the consequences of the plea." Alexander v. State, 605 So.2d 1170, 1172 (Miss. 1992). "Trial judges are entitled to place great weight upon a defendant's initial plea under oath." Templeton v. State, 725 So.2d 764, 767 (¶ 10) (Miss. 1998). This Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous. Stevenson v.State, 798 So.2d 599, 602 (¶ 7) (Miss.Ct.App. 2001).
 A. Self-incrimination
¶ 8. McKenzie's first argument is that he was not informed by either his attorneys or the judge that pleading guilty would result in his loss of the right against self-incrimination. A review of the record *Page 349 
reveals that the trial judge asked McKenzie several times if he had read and understood the loss of constitutional rights, enumerated in paragraph five of his plea agreement, that would result from a guilty plea. McKenzie was also asked if his attorneys had explained the loss of these constitutional rights to him. McKenzie answered in the affirmative to both. McKenzie took additional time during the hearing to complete a final review of the plea agreement. The paragraph enumerating the constitutional rights he would lose specifically states:
 I understand that I may plead "NOT GUILTY" to any offense charged against me. If I choose to plead "NOT GUILTY" the Constitution guarantees me:
 a) the right to a speedy and public trial by jury;
 b) the right to see, hear and face in open Court all witnesses called to testify against me; and the right to cross-examine those witnesses;
 c) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses in my favor;
 d) the right to have the assistance of a lawyer at all stages of the proceeding;
 e) the presumption of innocence, i.e., the State must prove beyond a reasonable doubt that I am guilty, and
 f) the right to take the witness stand at my sole option; and if I do not take the witness stand, I understand the jury may be told this shall not be held against me;
 g) the right to appeal my case to the Mississippi Supreme Court if I am convicted at a trial on the charges in the indictment;
 Knowing and understanding the constitutional guarantees set forth in this paragraph, I hereby waive them and renew my desire to enter a plea of "GUILTY". LM (initials)
¶ 9. While the plea agreement did not specifically state that there would be a loss of the right against self-incrimination, it is apparent that the equivalent was stated in section (f). When a defendant pleads guilty, the cloak of innocence is thrown away resulting in the incrimination of the defendant. Based upon this argument, we hold that McKenzie's guilty plea was made voluntarily, knowingly, and intelligently.
 B. Misinforming of sentence
¶ 10. McKenzie also alleges that his plea was not voluntarily, knowingly, nor intelligently made because his attorney failed to accurately inform him of the sentence he would receive. McKenzie argues that he originally agreed to plead based upon the advice of his counsel that he would only serve a part of his sentence. He alleges that only a few minutes before the plea hearing, one of his attorneys informed him that he would have to serve all of the sentence, not just 85%. McKenzie offers no proof that such events actually happened.
¶ 11. Even if McKenzie's version of events is accurate, he had the option to stop the plea hearing. McKenzie also had the opportunity during the judge's questioning to stop the hearing. McKenzie did not take such action. McKenzie told the trial judge he understood the charges and sentences available and he pled guilty with full knowledge. We hold that McKenzie's guilty plea was voluntarily, knowingly, and intelligently made.
 2. McKENZIE RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL
¶ 12. The standard to be applied to an ineffective assistance of counsel claim was *Page 350 
set out by the Supreme Court in Strickland v. Washington, 466 U.S. 668
(1984). To prove ineffective assistance of counsel, it must be shown (1) that the counsel's performance was deficient, and (2) the deficient performance caused prejudice to the defense. Id. at 687 ; Walker v.State, 703 So.2d 266, 268 (¶ 8) (Miss. 1997). The deficiency and the prejudicial effect are judged by looking at the totality of the circumstances, and there is a strong presumption counsel's performance fell within the wide range of reasonable professional assistance. Hiterv. State, 660 So.2d 961, 965 (Miss. 1995). The burden is on the defendant to demonstrate the Strickland factors to support an ineffective assistance of counsel claim. McQuarter v. State, 574 So.2d 685, 687 (Miss. 1990)
 A. Attorney conflict of interest
¶ 13. The attorney who McKenzie's family hired for his criminal defense had a son who represented the victim's mother in a lawsuit against McKenzie based upon the same facts. McKenzie argues that Ready Sr. helped his son, Ready Jr., set up the lawsuit against McKenzie in order to "cool the mama off" so the criminal charges might be dropped. McKenzie also alleges that Ready Sr. assisted his son in gathering evidence against McKenzie. McKenzie offers no proof that any of this occurred. McKenzie does not prove he received ineffective assistance of counsel.
 B. Judge conflict of interest
¶ 14. We are not sure why McKenzie makes this argument under the issue of ineffective assistance of counsel. The best we can understand is that McKenzie is accusing his attorney of failing to object or failing to seek a recusal of the trial judge. McKenzie argues that there was a conflict of interest because the trial judge in the criminal case was also the trial judge assigned in the civil case. Cases are assigned on a random basis. The trial judge never heard the criminal case due to McKenzie's guilty plea. We do not know the outcome of the civil suit. McKenzie does not prove he received ineffective assistance of counsel.
 C. Suppression of evidence
¶ 15. McKenzie argues that his attorneys should have sought to suppress statements he had made to school officials regarding his involvement. He argues that the statements made to the school officials were in reality statements made to state officials thus invoking the necessity of advising McKenzie of his Miranda rights. Miranda v.Arizona, 384 U.S. 436, 478-79, 86 S.Ct. 1602, 1629 — 1630, 16 L.Ed.2d 694, 726 (1966). McKenzie argues that without the statement, the State has no proof that sexual intercourse occurred. We disagree without determining whether the statements to the school officials concerning the nature of his sexual relationship with the victim are covered by theMiranda protection.
¶ 16. The State had ample proof without resorting to having to use the statement had there been a trial. The proof was a newborn child to a fifteen-year-old girl with him acknowledging that he is the father. McKenzie has not proven ineffective assistance of counsel.
 D. Discovery
¶ 17. McKenzie argues that his attorneys did not seek any discovery and relied only on that offered to the defense by the prosecution. We do not know what went on during the closed door discussion between McKenzie and his attorney. McKenzie does not indicate what evidence may have existed to help his defense. *Page 351 
McKenzie has not proven ineffective assistance of counsel.
 E. Erroneous advice
¶ 18. McKenzie argues that in light of the previous two sub-issues it was erroneous advice to plead guilty. The statutory rape law is similar to a strict liability offense. If sexual intercourse is proven within the prescribed age brackets of the victim and perpetrator, there is very little defense to a charge of statutory rape. With the evidence available, we think that the attorney gave sound legal advice to McKenzie about pleading guilty. McKenzie has not proven ineffective assistance of counsel.
 F. Coercion
¶ 19. McKenzie alleges that his attorneys and the prosecutor coerced him into pleading guilty by the constant reminder of the potential sentences McKenzie faced if convicted. The trial judge repeatedly asked McKenzie if anyone was tricking him, coercing him or inducing him to plead other than the plea agreement. McKenzie acknowledged that he was pleading of his own accord. McKenzie has not proven ineffective assistance of counsel.
 3. LAUDERDALE COUNTY HAD AUTHORITY AND JURISDICTION TO ACCEPT GUILTY PLEA A. Chaste character
¶ 20. McKenzie argues that he could not plead guilty to the indictment because the date listed as the occurrence of the sexual relationship was after the two had already had a sexual encounter. He offers the date of the child's birth as proof. McKenzie is careful not to admit that the victim was of chaste character at the time of their first encounter. His argument fails because the statute does not require chaste character. McKenzie argues that the statute he pled under did not go into effect until after the time of their sexual encounter. The old statute, Miss. Code Ann. § 97-3-67, did require chaste character but was repealed when Miss. Code Ann. § 97-3-65 was rewritten. The new law went into effect in July 1998. McKenzie is incorrect. Lauderdale County had the authority to indict McKenzie and to accept his guilty plea.
 B. Jurisdiction
¶ 21. McKenzie's argument regarding the jurisdiction is also faulty. He argues that he could not be charged in Lauderdale County because the victim was not chaste due to the fact that he and the victim had engaged in sex in Oktibbeha County earlier. McKenzie's argument on jurisdiction would possibly be correct only if his above argument of authority was correct. Since it is not, neither is this argument.
 4. McKENZIE WAS NOT SUBJECTED TO DOUBLE JEOPARDY
¶ 22. The Fifth Amendment Double Jeopardy Clause provides that no person shall be "subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. Article 3, § 22 of the Mississippi Constitution provides: "No person's life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution." An entry of a nolle prosequi ends a particular case on the docket, but absent prejudice it does not bar prosecution for the same offense if commenced in the court where the case originated. Beckwith v. State,707 So.2d 547, 569 ¶ 73 (Miss. 1997). *Page 352 
¶ 23. McKenzie alleges that he was subjected to double jeopardy by being indicted twice in Lauderdale County for the same offense. The first indictment was nolle prosequi before he pled guilty. McKenzie was not subject to double jeopardy as there was no prejudice.
 5. THE INDICTMENT WAS PROPER A. Identity of victim
¶ 24. McKenzie argues that the indictment he pled to was defective because it failed to properly identify his accuser. The original Lauderdale County indictment had the victim's name and birth date. The second indictment also had the victim's name and birth date. The difference was that the birth date listed on the indictment he pled guilty to was off by one day. The age still fell within the parameters required by Miss. Code Ann. § 97-3-65. McKenzie knew who his accuser was by her name. The birth date was probably a scriveners's error and is immaterial.
 B. Chaste character
¶ 25. McKenzie argues that the indictment he pled guilty to did not include any mention of chaste character. As stated above in issue 3, McKenzie is incorrect about the statute.
 C. Location
¶ 26. McKenzie argues that the indictment failed to include that the crime occurred at the school in the county. McKenzie offers a large list of schools throughout the country with the same name. The indictment stated that the crime occurred in Lauderdale County. That was all that was required of the indictment concerning location.
 6. THERE WAS SUFFICIENT EVIDENCE TO SUPPORT A GUILTY FINDING
¶ 27. A guilty plea waives all non-jurisdictional rights or defects. Anderson v. State, 577 So.2d 390, 391 (Miss. 1991). Since his plea was not coerced and was voluntarily, intelligently, and knowingly made, we only briefly list the allegations made by McKenzie.
 A. Statements by McKenzie to school officials
¶ 28. McKenzie argues that the statements made to the school officials were in reality statements made to state officials thus invoking the necessity of Mirandizing him. McKenzie seems to think that without the statement, the State has no proof that sexual intercourse occurred. As stated earlier, the State had ample proof without resorting to having to use the statement had there been a trial.
 B. Differences in statements by victim
¶ 29. The victim appears to have made differing statements. One was in a deposition and the other in a police report. Again, the State had ample proof without the victim's statements.
 C. Statements by others
¶ 30. McKenzie also argues that statements made by others concerning his relationship with the victim are hearsay because the statements were based on second hand knowledge. We agree with McKenzie that it probably was hearsay, but the State had ample proof without the statements.
 7. McKENZIE WAS NOT DENIED DUE PROCESS A. Previously discussed claims
¶ 31. McKenzie regurgitates several of his above arguments as due process *Page 353 
violations. The arguments are: attorney conflict of interest; judge conflict of interest; self-incrimination; coercion of guilty plea; improper indictments; lack of authority; lack of jurisdiction; and lack of sufficient evidence. We have dealt with each of these in the above paragraphs. It would be redundant to do another analysis since each argument failed at least once above.
 B. Fundamental fairness and equal protection
¶ 32. McKenzie also argues that there was a violation of fundamental fairness and equal protection. He offers no evidence of any impropriety. We can only assume that McKenzie decided to run the full gambit of post-conviction relief claims.
 8. THE STATUTE IS CONSTITUTIONAL
¶ 33. McKenzie again argues an issue based upon the chaste character of the victim. He argues that he has been subjected to an ex post facto law as the statute he pled to went into effect after his pleading. As stated earlier, McKenzie is incorrect as to when the statute took effect.
 9. McKENZIE HAS NOT BEEN SUBJECTED TO CRUEL AND INHUMAN PUNISHMENT
¶ 34. Sentencing is generally within the sound discretion of the trial judge and the trial judge's decision will not be disturbed on appeal if the sentence is within the term provided by statute. Davis v.State, 724 So.2d 342, 344 (¶ 10) (Miss. 1998). In most instances, this means that a trial judge's sentencing decision has traditionally been treated as not reviewable so long as the sentence was within the statutory limits. As a general rule, a sentence that does not exceed the maximum period allowed by statute will not be disturbed on appeal.Wallace v. State, 607 So.2d 1184, 1188 (Miss. 1992).
¶ 35. McKenzie alleges that his sentence was tantamount to a life sentence because of his age. We do not know when he or anyone else will die. His sentence was within the statutory guidelines and was not as long as it could have been under the sentencing statute. McKenzie may be subject to what he perceives as a life sentence, but our perception is different.
¶ 36. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTYDISMISSING PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. THE COSTS OFTHIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P. JJ., BRIDGES, THOMAS, LEE,IRVING, CHANDLER AND GRIFFIS, JJ., CONCUR.
[1] Because McKenzie's multitude of arguments pertain to many of the same issues and are so poorly organized in his brief, we address the issues in a more coherent order to try and prevent unnecessary repetition.