MYERS, J.,
for the court.
¶ 1. Rudolph Johnson entered a guilty plea to armed robbery and aggravated assault on January 25, 1999. The trial court conducted a guilty plea hearing the same day. The trial judge accepted the guilty plea. On January 28, 2002, Johnson filed a petition for post-conviction relief. The trial court denied the petition and Johnson appeals asserting:
1. HIS ISSUES SHOULD NOT BE TIME BARRED;
2. THE LOWER COURT ERRED IN DENYING HIM AN EVIDENTIA-RY HEARING IN HIS POST-CONVICTION RELIEF REQUEST;
*908 8. HIS PLEA WAS NOT VOLUNTARILY NOR KNOWINGLY MADE;
4. HE RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL; AND
5. HE WAS SUBJECTED TO DOUBLE JEOPARDY
LEGAL ANALYSIS
1. HIS ISSUES ARE TIME BARRED
¶2. Johnson was not entitled to post-conviction relief because the three year time period for filing post-conviction relief petitions had expired. Miss Code Ann. § 99-39-5(2) (Supp.2002). Johnson, through counsel, did not file his petition for post-conviction relief until three days after the three year deadline. Johnson does not argue any exemption excusing delay; therefore, he is not entitled to the relief he seeks. What Johnson argues for is an extension of the prison mailbox rule. Gaston v. State, 817 So.2d 618, 616(¶ 7) (Miss.Ct.App.2002). Due to security reasons, it may take a letter from a prisoner longer to reach a court, thus petitions for post-conviction relief from pro se appellants are considered filed when mailed by the prisoner.
¶ 3. Although Johnson attempts to argue the merits and we are limited in our review, we shall review the merits.
2. THE LOWER COURT DID NOT ERR IN DENYING HIM AN EVI-DENTIARY HEARING. IN HIS POST-CONVICTION RELIEF REQUEST
¶ 4. The trial court made extensive findings of fact and conclusions of law in denying Johnson’s request for post-conviction relief. A trial court does not have to grant an evidentiary hearing when it is apparent that there are no material facts to support the claim. Frierson v. State, 812 So.2d 1090, 1092(¶5) (Miss.Ct.App.2001). The trial court was correct in denying Johnson an evidentiary hearing.
3. HIS PLEA WAS VOLUNTARILY AND KNOWINGLY MADE
¶ 5. When determining whether a guilty plea made by the defendant was knowingly, voluntarily, and intelligently made, a review of the entire record must be conducted by the appellate court. Weatherspoon v. State, 736 So.2d 419, 421(¶ 5) (Miss.Ct.App.1999). For a plea to be valid, the plea must be “one in which the defendant was advised about the nature of the crime charged against him and the consequences of the guilty plea.” Stovall v. State, 770 So.2d 1019, 1020-21(¶ 7) (Miss.Ct.App.2000). “Trial judges are entitled to place great weight upon a defendant’s initial plea under oath.” Templeton v. State, 725 So.2d 764, 767(¶10) (Miss.1998). This Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous. Stevenson v. State, 798 So.2d 599, 602(¶ 7) (Miss.Ct.App.2001).
¶ 6. Johnson asserts that he was incorrectly informed of the sentence his plea would carry. His arguments consist of a blend of failing to tell of maximum and minimum sentence and the failure of his attorney to properly inform him of the length of sentence. While it is true that the attorney misinformed Johnson prior to the plea hearing, the attorney brought the mistake to light. The trial judge properly informed Johnson what the sentence could be under the statutory guidelines. Johnson said he understood and still wanted to enter the plea.
4. HE RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL
¶ 7. The standard to be applied to an ineffective assistance of counsel claim was set out by the Supreme Court in *909 Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To prove ineffective assistance of counsel, it must be shown (1) that the counsel’s performance was deficient, and (2) the deficient performance caused prejudice to the defense. Strickland, 466 U.S. at 687, 104 S.Ct. 2052; Walker v. State, 703 So.2d 266, 268(¶ 8) (Miss.1997). The deficiency and the prejudicial effect are judged by looking at the totality of the circumstances, and there is a strong presumption counsel’s performance fell within the wide range of reasonable professional assistance. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). The burden is on the defendant to demonstrate the Strickland factors to support an ineffective assistance of counsel claim. McQuarter v. State, 574 So.2d 685, 687 (Miss.1990).
¶ 8. As the basis of this argument, Johnson points out the erroneous advice from his lawyer concerning the length of the sentence. The attorney advised the judge of the misinformation during the hearing. Johnson was asked if he understood the correct sentence and he responded that he did.
5. HE WAS NOT SUBJECTED TO DOUBLE JEOPARDY
¶ 9. This issue is net only time barred, but is procedurally barred because Johnson failed to present it to the trial court and raises it first on appeal. Coleman v. State, 772 So.2d 1101, 1103(¶ 8) (Miss.Ct.App.2000).
¶ 10. The Fifth Amendment Double Jeopardy Clause provides that no person shall be “subject for the same offense to be twice put in jeopardy of life or limb.” U.S. Const, amend. V. Article 3, § 22 of the Mississippi Constitution provides: “No person’s life or liberty shall be twice placed in jeopardy for the same offense; but there must be an actual acquittal or conviction on the merits to bar another prosecution.”
¶ 11. Johnson argues that he could not plead guilty to both aggravated assault and armed robbery because the two crimes arose from the same incident. Although they arose from the same incident, the two crimes were separate and there is no double jeopardy issue.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF THE LAUDER-DALE COUNTY DENYING POST-CONVICTION COLLATERAL RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO LAUDERDALE COUNTY.
McMILLIN, C.J., KING, P.J., BRIDGES, THOMAS, LEE, CHANDLER and GRIFFIS, JJ., concur. SOUTHWICK, P.J., and IRVING, J., concur in result only.