946 So.2d 392 (2006)
Larry Wayne McKENZIE, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-CP-01077-COA.
Court of Appeals of Mississippi.
May 16, 2006.
Rehearing Denied October 24, 2006.
Certiorari Denied January 4, 2007.
*393 Larry Wayne McKenzie, appellant, pro se.
District Attorney Office of the Attorney General by Billy L. Gore, Bilbo Mitchell, attorney for appellee.
*394 Before MYERS, P.J., SOUTHWICK and BARNES, JJ.
SOUTHWICK, J., for the Court.
¶ 1. This is an appeal from the denial of a post-conviction relief petition. This is the second appearance of the inmate in this Court seeking post-conviction relief. As before, we affirm.
¶ 2. On September 26, 2000, McKenzie pled guilty to statutory rape in Lauderdale County, Mississippi for a crime that occurred in that county in March 1999. On October 3, 2001, McKenzie filed his first motion for post-conviction relief in the Lauderdale County Circuit Court. This petition was denied. The Court of Appeals affirmed. McKenzie v. State, 856 So.2d 344 (Miss.Ct.App.2003). McKenzie then filed for habeas corpus relief in federal court. The present record indicates that his petition was denied in federal court as time-barred. McKenzie amended in an effort to avoid the time bar. His new efforts were also denied for failure to exhaust his state remedy as to one new issue raised.
¶ 3. On March 31, 2005, McKenzie filed a pleading in Lauderdale County Circuit Court styled "Petition for Writ of Habeas Corpus/Writ of Error." This petition was denied as time-barred and as a successive-writ. The denial is now before this Court.

DISCUSSION
ISSUE 1: Illegal Sentence
¶ 4. McKenzie argues that his sentence is illegal under a variety of theories. An allegation of an illegal sentence can be presented and must be heard even if brought after the three-year deadline for challenging convictions. Twillie v. State, 892 So.2d 187, 191 (Miss.2004). However, his label of "illegal sentence" simply masquerades arguments that are blocked by the time bar.
¶ 5. First, McKenzie argues that the act of statutory rape never occurred in Lauderdale County. Upon entry of a guilty plea a defendant admits to each element of the crime charged. Brooks v. State, 573 So.2d 1350, 1352-53 (Miss.1990). McKenzie was indicted for an act of statutory rape that occurred in Lauderdale County and he entered a guilty plea for that act. There was a separate incident of statutory rape outside of Lauderdale County that was not the subject of the Lauderdale County plea agreement. This Court has already held that the plea agreement was, in all points, valid. McKenzie, 856 So.2d at 348-49. An appeal on this issue is time-barred.
¶ 6. Second, McKenzie alleges that no act occurred in Lauderdale County and that his sentence violates his due process. This is the same allegation as in his argument that Lauderdale County was not the scene of the crime. His guilty plea and the passage of time double-bar this issue.
¶ 7. Third, McKenzie proposes that each person is actually older than the normally-assumed age. McKenzie calculates age from the time of conception and not from the time of birth. McKenzie alleges that his victim must have been conceived about nine months prior to her birth. Under his calculation, she was sixteen at the time of this offense and he could not be guilty of statutory rape.
¶ 8. McKenzie presents various reasons why an estimated date of conception is a more accurate starting point for calculating age. Since this is not a court of philosophy but one of law, we are bound to apply accepted legal definitions. When a word or phrase is used in a statute, the "common and ordinary acceptation and meaning" will be applied, except when technical words must be given their technical meanings. Miss.Code Ann. § 1-3-65 (Rev. *395 2005). We apply the ordinary acceptation that a person's age is calculated from birth. The State requires certain records of vital statistics to be maintained, including birth certificates. Miss.Code Ann. § 41-57-3 (Rev.2005). Of course, evidence of the date of birth is easier to certify than a date of conception, but we accept that neither statute nor caselaw involving the use of birth certificates to determine age contain a nine-month adjustment to support McKenzie's view.
¶ 9. Fourth, McKenzie argues that his sentence is illegal under an intervening United States Supreme Court decision, namely, Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). This issue was not presented to the circuit court and is argued for the first time on appeal. Apprendi required that fact-based sentence-enhancing factors, such as whether a crime was committed because of the race of the victim, must be resolved by a jury. Id. at 466, 120 S.Ct. 2348. The Supreme Court ruled that Apprendi was entitled to have a jury make a finding on this sentence-enhancing factor. The Apprendi analogy apparently applicable here is that by statute, a person convicted of a "sex crime" cannot receive parole. Miss.Code Ann. § 47-7-3(1)(b) (Rev. 2004). Similar to the novelty of the argument regarding the calculation of a person's age, this argument seeks to transform what is self-evident into a involved legal debate. We do not apply Apprendi reasoning to the determination that statutory rape is a "sex crime" for which parole is prohibited.
¶ 10. Fifth, McKenzie argues the illegality of his sentence as a violation of equal protection. The basis of his argument is that some female defendants similarly charged received a disproportionate sentence when compared to the fifteen years he is serving. McKenzie concedes that the statute applies equally to male and female defendants. The duration of the sentence McKenzie received was litigated on direct appeal and this Court affirmed that sentence. McKenzie, 856 So.2d at 353.
¶ 11. There is a broad range for sentencing for statutory rape. The Supreme Court has repeatedly upheld the broad discretion of a trial court in determining an appropriate sentence. Johnson v. State, 904 So.2d 162, 170 (Miss.2005). A sentence that does not exceed the statutory limit will not be set aside on appeal absent an abuse of discretion. Id. We find that McKenzie's sentence was within the statutory limits and that the trial judge did not abuse his discretion in sentencing McKenzie.
¶ 12. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DENYING POST-CONVICTION-RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.