973 So.2d 1048 (2008)
Julius Alceno HOLMES, Jr., Appellant
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00385-COA.
Court of Appeals of Mississippi.
January 29, 2008.
Julius Alceno Holmes, Jr., appellant, pro se.
Office of the Attorney General by Stephanie Breland Wood, attorney for appellee.
Before LEE, P.J., CHANDLER, and ROBERTS, JJ.
CHANDLER, J., for the Court.
¶ 1. The appellant, Julius Alceno Holmes, Jr., pleaded guilty to the statutory rape of a thirteen-year-old girl, on or about April 2004. He entered his guilty plea in the Warren County Circuit Court, and he was sentenced to serve twenty years in the Mississippi Department of Corrections. He subsequently filed a motion for post-conviction relief seeking the circuit court to lessen his twenty-year sentence. The circuit court dismissed the motion pursuant to section 99-39-11 of the Mississippi Code Annotated (Rev.2007), finding that it was plain from the face of the motion that Holmes was not entitled to relief. Aggrieved, Holmes appeals and argues that the circuit court erred in failing to reduce his sentence to a level that is representative of the rehabilitative goals of the justice system.
¶ 2. Under Mississippi Code Annotated section 97-3-65(1)(b) (Rev.2006), it is a crime for a person to have sexual intercourse with a child who (1) is under the age of fourteen, (2) is at least twenty-four months younger than the person, and (3) is *1049 not the person's spouse. Holmes, being fifty-five at the time of the incident, and not the spouse of the thirteen-year-old girl, pleaded guilty to the crime of statutory rape.
¶ 3. Section 97-3-65(3)(c) further provides that a defendant convicted of statutory rape under section (1)(b) shall be sentenced to life in prison or to a term not less than twenty years. For pleading guilty to statutory rape, Holmes could have been sentenced to life in prison. The circuit court imposed a lesser sentence of twenty years, which is the minimum allowable under the statute.
¶ 4: Sentencing is generally within the circuit court's sound discretion, and we will not disturb a sentence if it is within the term provided for by statute. McKenzie v. State, 856 So.2d 344, 353(¶ 34) (Miss. Ct.App.2003). Our reasoning in McKenzie is also applicable to Holmes's argument that his sentence is equivalent to a life sentence:
McKenzie alleges that his sentence was tantamount to a life sentence because of his age. We do not know when he or anyone else will die. His sentence was within the statutory guidelines and was not as long as it could have been under the sentencing statute. McKenzie may be subject to what he perceives as a life sentence, but our perception is different.
Id at 353(¶ 35).
¶ 5. The twenty-year sentence ordered by the circuit court was not only within the term provided for by statute; it was the minimum for which the court could have sentenced Holmes. The sentence is appropriate, and Holmes's claim is without merit.
¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.