ISHEE, J.,
 

 for the Court.
 

 ¶ 1. Larry McKenzie filed a motion for post-conviction relief in the Circuit Court of Lauderdale County. The circuit court dismissed McKenzie’s motion, finding that he had previously filed two motions for post-conviction relief that had been denied; therefore, his present motion was procedurally barred as a successive writ. McKenzie timely appealed from the circuit court’s dismissal of his motion. He argues that the offense he committed did not occur in Lauderdale County; therefore, the circuit court lacked jurisdiction to accept his guilty plea. Finding no error, we affirm the circuit court’s dismissal of McKenzie’s motion for post-conviction relief.
 

 DISCUSSION
 

 ¶ 2. On appeal of a circuit court’s dismissal of a motion for post-conviction relief, we will not disturb the court’s factual findings unless they are found to be clearly erroneous.
 
 Williams v. State,
 
 872 So.2d 711, 712(¶ 2) (Miss.Ct.App.2004) (citing
 
 Pace v. State,
 
 770 So.2d 1052, 1053(¶ 4) (Miss.Ct.App.2000)). However, we will review questions of law under a de novo standard.
 
 Id.
 

 ¶ 3. An order from a circuit court dismissing or denying a party’s motion for post-conviction relief is a final judgment and is conclusive unless reversed. Miss. Code Ann. § 99-39-23(6) (Supp.2008). Such an order is a bar to a second or successive motion for post-conviction relief.
 
 Id.
 
 Exceptions to the procedural bar allow a prisoner to file a second or successive post-conviction relief motion in the following instances: (1) in cases of “supervening mental illness before the execution of a sentence of death,” (2) if there “has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States that would have actually adversely affected the outcome of his conviction or sentence,” (3) if the prisoner “has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that, if it had been introduced at trial, it would have caused a different result in the conviction or sentence,” or (4) if the prisoner’s “sentence has expired or his probation, parole or conditional release has been unlawfully revoked.”
 
 Id.
 

 ¶ 4. McKenzie has not shown that any of the statutory exceptions apply to the procedural bar. He previously filed two motions for post-conviction relief, the denials of which were affirmed by this Court.
 
 See McKenzie v. State,
 
 946 So.2d 392 (Miss.Ct.App.2006);
 
 McKenzie v. State,
 
 856 So.2d 344 (Miss.Ct.App.2003). In the first case that McKenzie appealed to this Court, we found that his present argument — that the Circuit Court of Lauderdale County lacked jurisdiction to accept his guilty plea — was without merit.
 
 McKenzie,
 
 856 So.2d at 351(¶ 21). In both cases, McKenzie filed a petition for writ of certiorari, and in both cases, the supreme court denied his petitions.
 
 See McKenzie v. State,
 
 947 So.2d 960 (Miss.2007);
 
 McKenzie v. State,
 
 864 So.2d 282 (Miss.2004).
 

 
 *370
 
 ¶ 5. McKenzie’s motion for post-conviction relief was procedurally barred because it was untimely filed and because it was a successive writ. Accordingly, we find that the circuit court properly dismissed McKenzie’s motion for post-conviction relief. This issue is without merit.
 

 ¶ 6. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.