CARLTON, J.,
 

 for the Court:
 

 ¶ 1. Isaac Chambers appeals the Wilkinson County Circuit Court’s denial.of his motion for post-conviction relief. Chambers asserts that: (1) his guilty plea was not entered voluntarily, knowingly, or intelligently; (2) the circuit court did not grant him an evidentiary hearing before it dismissed his motion for post-conviction relief; and (3) his counsel was ineffective. Finding no error, we affirm.
 

 FACTS
 

 ¶ 2. In July 2007, a grand jury indicted Chambers for two counts of aggravated assault and one count of aggravated assault as an accessory after the fact. On October 29, 2007, Chambers pled guilty to two counts of simple assault. He also pled guilty to possession of a Schedule II controlled substance — cocaine—in an amount more than ten grams but less than thirty grams. On November 1, 2007, the circuit judge sentenced Chambers to six months in the Wilkinson County Jail for each count of simple assault, with the sentences to run consecutively. On the charge for possession of cocaine, the circuit judge sentenced Chambers to serve a term of twenty years in the custody of the Mississippi Department of Corrections, with this sentence to be served concurrently with his sentence for the two counts of simple assault.
 

 ¶ 3. On July 13, 2009, Chambers filed a
 
 *642
 
 motion for post-conviction relief.
 
 [1]
 
 The circuit judge denied this motion, and she filed the order denying relief on December 15, 2009. A notice of appeal regarding this order does not appear in the record; however, we note that Chambers filed a “Notice of Out of Time Appeal” on February 16, 2010, claiming that he did not learn of the circuit court’s action denying his motion for post-conviction relief until February 3, 2010.
 

 ¶ 4. On March 29, 2010, the circuit judge issued an order in response to Chambers’s notice of appeal regarding both his motion for post-conviction relief and his affidavit to proceed in forma pauperis. We find that the language in this order by the circuit court granted Chambers’s notice for appeal and allowed him to proceed in for-ma pauperis; therefore, the order is sufficient to provide this Court with jurisdiction. Chambers now appeals the circuit court’s denial of his motion for post-conviction relief.
 

 STANDARD OF REVIEW
 

 ¶ 5. Our standard of review for a denial of a motion for post-conviction relief is well established. We will not reverse the trial court’s judgment unless we find that the court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002) (citing
 
 Kirlc-sey v. State,
 
 728 So.2d 565, 567 (¶ 8) (Miss. 1999)). However, when reviewing issues of law, this Court’s proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 I. Guilty Plea
 

 ¶ 6. Chambers contends that at the time of the plea hearing, he was under the influence of medication; therefore, he did not knowingly, voluntarily, and intelligently enter his guilty plea. Chambers claims that on the morning of his plea hearing, he ingested more than the prescribed amount of Zoloft, which impaired his mental state and affected his judgment. Chambers argues that his assertions that he had been in and out of mental hospitals in the past and had attempted to kill himself while in jail provide support for his claim of an impaired mental state. However, outside of his own assertions, Chambers provides no evidence or support in the record for the claim that he was mentally impaired at the time of the plea hearing.
 

 ¶ 7. In determining whether the entry of a plea of guilty was properly accepted by the trial court, we are bound by the rule that the guilty plea must be entered voluntarily and intelligently.
 
 Goss v. State,
 
 730 So.2d 568, 573 (¶ 20) (Miss.1998). The defendant must be advised of the nature of the crime charged and the consequences of the guilty plea.
 
 Id.
 

 ¶ 8. Although “[i]t is the responsibility of the appellant to designate the record pursuant to Rule 10(b) of the Mississippi Rules of Appellate Procedure in a manner sufficient to allow this Court to review the appellant’s issues[,]” the full plea colloquy, among other relevant documents, does not appear in the record before us.
 
 Austin v. State,
 
 971 So.2d 1286, 1287 n. 1 (Miss.Ct. App.2008). However, in its order denying Chambers’s motion for post-conviction relief, the circuit court quoted extensively from the plea colloquy. Chambers also appears to have attached an excerpt from the plea hearing to his brief. The dialogue from the plea colloquy, which we find transcribed in the circuit court’s order, shows that Chambers admitted to taking depression medication on the morning of the plea hearing. The circuit judge then explained
 
 *643
 
 that to accept his guilty plea, the court must determine whether or not Chambers knowingly, understandably, freely, and voluntarily entered his plea. Chambers acknowledged that he understood, and agreed that he possessed awareness as to his decision to plead guilty. Chambers expressed that his counsel had informed him of the maximum and minimum sentences that he could receive for his offenses, and Chambers stated that he still wanted to enter a plea of guilty. Chambers’s attorney also testified at the plea hearing that Chambers did not appear intoxicated or under the influence of any drugs.
 

 ¶ 9. Chambers’s argument regarding the involuntariness of his guilty plea is contradicted by the plea petition. “The plea petition was not an oral statement in open court, but it was a sworn document presumptively prepared with an appreciation of its fateful consequences.”
 
 Ward v. State,
 
 879 So.2d 452, 455 (¶ 11) (Miss.Ct.App.2003). Similar to sworn statements made before the court, the plea petition “may be used to discredit post-plea allegations.”
 
 Id.
 
 Chambers signed his plea petition on October 29, 2009, and he admitted that at the time of signing, he was neither under the influence of any drugs, nor alcohol, nor suffering from any mental disease. Accordingly, this issue lacks merit.
 

 II. Evidentiary Hearing
 

 ¶ 10. Chambers also appears to assert that the circuit court erred when it denied his motion for post-conviction relief without granting him an evidentiary hearing. Mississippi Code Annotated section 99-39-9(1) (Supp.2010) provides, among other things, that a motion for post-conviction relief must include (1) a concise statement of the grounds for relief, (2) a sworn statement of those facts within the prisoner’s personal knowledge, and (3) a statement of facts outside of the prisoner’s personal knowledge and how or by whom these facts will be proven. Affidavits of these persons and any supporting documents should also be attached.
 
 Id.
 

 ¶ 11. Upon receipt of this information, Mississippi Code Annotated section 99-39-11(1) (Supp.2010) requires the circuit judge to examine “[t]he original motion, together with all the files, records, transcripts and correspondence relating to the judgment under attack[.]” If after doing so, it appears that the movant is not entitled to any relief, the circuit judge is authorized to enter an order of dismissal without- conducting an evidentiary hearing. Miss.Code Ann. § 99-39-11(2) (Supp.2010). The decision to deny an evidentiary hearing is a matter within the sound discretion of the circuit court.
 
 Stovall v. State,
 
 770 So.2d 1019, 1021 (¶ 8) (Miss.Ct.App.2000).
 

 ¶ 12. Chambers argues that he should have been granted an evidentiary hearing based on his claims that “there was no evidence then and there is not evidence now.” He also claims that at the plea hearing, the prosecutor recited the facts of the case from memory and, thus, never presented any actual evidence of Chambers’s guilt. However, the plea colloquy reflects that Chambers admitted his guilt at the plea hearing. In addition, Chambers informed the circuit judge that he possessed full awareness of the consequence of pleading guilty, and he made his plea freely and voluntarily. In the present case, we find that Chambers’s assertions are substántially contradicted by the court record; therefore, the circuit court did not err in' denying an evidentiary hearing.
 

 , III. Ineffective Assistance of Counsel
 

 ¶ 13. Chambers also asserts that he received ineffective assistance of counsel at his plea hearing. He submits that his defense counsel.failed to have him un
 
 *644
 
 dergo a psychological evaluation, which Chambers claims would have shown that he was under the influence of medication at the time of his plea hearing. The record does not reflect that Chambers raised his ineffective-assistance-of-counsel claim with the circuit court. Therefore, we find that this suggestion of error is procedurally barred from being raised for the first time before the appellate court.
 
 Foster v. State,
 
 716 So.2d 538, 540 (¶ 7) (Miss.1998).
 

 ¶ 14. In spite of the procedural bar, we acknowledge that in order to prove ineffective assistance of counsel, Chambers must prove that: (1) his counsel’s performance was deficient, and (2) the deficiency prejudiced Chambers’s defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). After reviewing the record before us, we cannot say that Chambers’s counsel provided ineffective assistance, and Chambers has failed to provide any affidavits or evidence in support of his claims of ineffective assistance of counsel.
 
 See
 
 Miss.Code Ann. § 99-39-9(1). The record reflects that his counsel negotiated a plea, counseled with him, and worked on his behalf. Wé also note that from the scant excerpts of the plea colloquy provided in the record, Chambers admitted that he was guilty of possession of cocaine, stated that he had sold drugs, and the drugs at issue were found in his mother’s, car., Chambers claimed that the drugs did not belong to him, but he admitted he had sold them to someone else. The face of the record fails to provide any support to Chambers’s claims of ineffective assistance of counsel, and Chambers failed to provide any supporting affidavits or evidence with his motion herein.
 

 ¶ 15. Chambers also appears to assert various other claims for relief in this' appeal. However, after reviewing the circuit court’s order denying Chambers’s motion for post-conviction relief, these issues do not appear to be raised in his motion for post-conviction relief. As stated, the Mississippi Supreme Court has long held that issues not raised below may not be raised on appeal, stating: “Questions will not be decided on appeal which were not presented to the trial court and that court given an opportunity to rule on them. In other words, the trial court cannot be put in error, unless it has had an opportunity of committing error.”
 
 Stringer v. State,
 
 279 So.2d 156, 158 (Miss.1973) (citing
 
 Boutwell v. State,
 
 165 Miss. 16, 27-28, 143 So. 479, 482 (1932)). Thus, we find any other suggestions of error to be procedurally barred.
 

 ¶ 16. We, therefore, find that the circuit court properly denied Chambers’s motion for post-conviction relief.
 

 ¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF WILKINSON COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WILKINSON COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR.
 

 [1]
 

 . Only the first page of this motion appears in the record before this Court.