# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 93-KP-00657-SCT

*JAMES EDWARDS*

*v.*

*STATE OF MISSISSIPPI*

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-A**

| | |
|---|---|
| DATE OF JUDGMENT: | 05/24/93 |
| TRIAL JUDGE: | HON. HOWARD Q. DAVIS JR. |
| COURT FROM WHICH APPEALED: | SUNFLOWER COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. GLENN WATTS |
| NATURE OF THE CASE: | CRIMINAL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 3/6/97 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE PRATHER, P.J., ROBERTS AND MILLS, JJ.**

**ROBERTS, JUSTICE, FOR THE COURT:**

James Edwards, ("Edwards"), who is serving concurrent ten year and twenty-five year sentences in the Mississippi Department of Corrections for the sale of cocaine, filed a petition for post-conviction relief in the Circuit Court of Sunflower County, Mississippi. He challenged the effectiveness of his counsel and the voluntariness of his guilty plea which resulted in the twenty-five year sentence. That petition was denied by the circuit court as being without merit, and Edwards perfected appeal to this Court, presenting the following issues for review:

> **I. WHETHER APPELLANT'S PLEA OF GUILTY WAS KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED WITHIN THE REALMS OF RULE 3.03 OF THE MISS. UNIF. CRIM. R. CIR. CT. PRAC. AND THE MANDATES OF *BOYKINS V. ALABAMA?***

> **II. WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL PRIOR TO, DURING AND AFTER THE TAKING OF HIS PLEA OF GUILTY?**

On January 22, 1990, a Sunflower County grand jury returned two indictments against James Edwards, both for the sale of cocaine. In June 1990 a jury trial was held on one of the indictments,

cause number 10,105. Edwards was found guilty and received a ten year suspended sentence with five years probation. Edwards entered a guilty plea to the second indictment, cause number 10,106, in October, 1990, but on request by the district attorney, pending Edwards' good behavior, sentencing was continued until Edwards completed his probation for the first offense. After breaking the terms of his probation in 1992, Edwards' probation and suspended sentence were revoked, and he was sentenced to serve a concurrent twenty-five year sentence on the October 1990 guilty plea to cause number 10,106.

Edwards argues that his guilty plea to cause number 10,106 was not knowingly, intelligently and voluntarily entered because pursuant to Miss. Code Ann. § 47-7-33 the trial court did not have the power to give him a suspended sentence since he had a prior felony conviction.

It is clear from the record that Edwards was not given an invalid suspended sentence upon his plea of guilty in cause number 10,106, but rather, he was not sentenced at all at the time of his guilty plea. Instead, the trial judge, upon request by the prosecutor, postponed sentencing, pending Edwards good behavior, until after his probation and suspended sentence for his earlier conviction was completed. For this reason, Edwards argument that he was given an invalid suspended sentence in cause number 10,106 because of his prior felony conviction in cause number 10,105 is without merit.

Next, Edwards, citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984), claims he was denied effective assistance of counsel at both his plea hearing and his sentencing; although, his argument deals only with the plea hearing.

This issue is not properly before this Court. In his petition for post-conviction relief filed in the lower court, Edwards argued ineffective assistance of counsel only at his probation and suspended sentence revocation hearing, not at the hearing on his guilty plea or at his sentencing hearing as he is arguing here. Edwards' failure to raise this issue in the lower court precludes him from asserting it for the first time on appeal. *Fuselier v. State,* 654 So. 2d 519, 521-22 (Miss. 1995); *Gardner v. State,* 531 So. 2d 805, 808-09 (Miss. 1988); *Colburn v. State,* 431 So. 2d 1111, 1114 (Miss. 1983).

Nevertheless, the merits of this issue will be discussed. This state has adopted the two-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984), in cases dealing with ineffective assistance of counsel. *Moody v. State,* 644 So. 2d 451, 456 (Miss. 1994). This Court submits that Edwards has failed to prove either prong of the *Strickland* test. First, as stated earlier, Edwards was not given a suspended sentence at the time he pled guilty to the second sale of cocaine. Second, it was Edwards who prejudiced himself by once again selling cocaine after the trial judge gave him another chance. Had Edwards not messed up again, he probably never would have had to serve any jail time. The two years he was on probation were not wasted, it was a time when Edwards was being given another opportunity to straighten out his life. An opportunity that he apparently did not seize. As the record shows, Edwards clearly knew the consequences of his guilty plea, as well as the consequences of any further bad behavior. This issue is without merit.

**LOWER COURT'S DENIAL OF POST CONVICTION RELIEF AFFIRMED.**

**LEE, C.J., PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, McRAE, SMITH AND MILLS, JJ., CONCUR.**