856 So.2d 492 (2003)
John Clayton FIELD, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00307-COA.
Court of Appeals of Mississippi.
April 15, 2003.
Rehearing Denied July 15, 2003.
John Clayton Field (pro se), attorney for appellant.
Office of the Attorney General by: Scott Stuart, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS and CHANDLER, JJ.
THOMAS, J., for the court.
¶ 1. John Clayton Field, pro se, appeals an order of the Circuit Court of Harrison County denying his motion to vacate guilty plea. Aggrieved, he asserts fifty assorted issues on appeal. Due to our disposition of the case, we need not list them or discuss them here. The chief question is instead as follows:
I. DID THE TRIAL COURT ERR IN DISMISSING FIELD'S MOTION AS PROCEDURALLY BARRED BY STATUTE AS A SUCCESSIVE MOTION?
Finding no error, we affirm.

FACTS
¶ 2. John Clayton Field was indicted on November 20, 1998, for the commission of *493 sexual battery against two children under the age of fourteen and for gratification of lust against another child under the age of fourteen. Field entered a plea of guilty to Count I, a charge of sexual battery against one of the children, on March 3, 2000, and was sentenced to serve a term of twenty years without parole. Field filed a motion to vacate guilty plea on August 18, 2000, based on grounds that the court failed to advise him of the minimum sentence he was facing, that his plea was induced by fear and deception, and that he was denied effective assistance of counsel. This motion was denied for failing to comply with the requirements of Miss.Code Ann. § 99-39-9 on October 20, 2000. The trial court held that Field's motion did not contain a separate statement of specific facts either within or not within his personal knowledge, how the facts would be proven, had no attached affidavits of witnesses and copies of documents, and was not verified by the oath of the prisoner.
¶ 3. On December 15, 2000, Field again filed his motion along with a statement of facts, list of proceedings, a verification of petitioner, two affidavits, and a request for information that he did not currently have. On April 2, 2001, the trial court again denied Field's motion. In doing so, the trial court found that Field gave a sworn statement in which he acknowledged that he could receive between zero and thirty years in prison, and that the affidavits from Field's sister and brother were not made on personal knowledge and consisted virtually entirely of hearsay. Field's brother's affidavit provided no information and basically claimed that he did not know anything regarding the questions Field had posed. The trial court found that neither affidavit was acceptable evidence nor demonstrated any probative value on Field's issues. The trial court also found that Field's claim that he received ineffective assistance of counsel did not meet the standard. Based upon its findings, the trial court denied the relief and dismissed the motion on April 2, 2001.
¶ 4. Field filed another motion to vacate guilty plea on November 20, 2001. The trial court found that in this motion Field acknowledged that he previously filed a motion to withdraw plea which was denied and dismissed. Therefore, pursuant to Miss.Code Ann. § 99-39-23(6), the trial court found Field's motion barred as a successive motion. Since Field had acknowledged that he had previously filed for and been denied the relief requested in the motion, the court went on to find the filing frivolous, thereby triggering the forfeiture provisions of Miss.Code Ann. § 47-5-138(3). This order was entered on January 16, 2002, and Field filed a notice of appeal on February 15, 2002.

ANALYSIS

I. DID THE TRIAL COURT ERR IN DISMISSING FIELD'S MOTION AS PROCEDURALLY BARRED BY STATUTE AS A SUCCESSIVE MOTION?
¶ 5. Field asserts fifty issues in his brief. Most of them, however, were not contained in the motion filed with the trial court. Issues not raised at the trial court level may not be raised for the first time on appeal. Gardner v. State, 531 So.2d 805, 808-9 (Miss.1988). The central issue at bar is whether the trial court erred in dismissing Field's motion as procedurally barred by statute as a successive motion. The trial court found that the issues put forth by Field in his last motion were contained in his previous motion which was dismissed by order on April 2, 2001. Field failed to appeal this order, and the judgment was final and conclusive.
¶ 6. The law supporting the successive writ bar is statutory and states as follows:

*494 The order as provided in subsection (5) of this section or any order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article. Excepted from this prohibition is a motion filed pursuant to Section 99-19-57(2), Mississippi Code of 1972, raising the issue of the convict's supervening insanity prior to the execution of a sentence of death. A dismissal or denial of a motion relating to insanity under Section 99-19-57(2), Mississippi Code of 1972, shall be res judicata on the issue and shall likewise bar any second or successive motions on the issue. Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Miss.Code Ann. § 99-39-23(6) (Rev.2000). As stated in the statute, there are exceptions to the second or successive writ bar. Field asserts none of them in his brief nor do any apply to the case at bar. Lacking a demonstration that the facts in Field's case are excepted from the procedural bar, the trial court did not err when it denied relief and dismissed Field's motion.
¶ 7. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.