GRAVES, Presiding Justice,
concurring in part and dissenting in part.
¶ 38. The majority of this Court finds that a condition of Mackey’s guilty plea agreement and sentence is unenforceable and simply reverses his revocation. Because I would find that Mackey’s plea was not knowing, intelligent, and voluntary, I respectfully concur in part and dissent in part.
¶ 39. A valid guilty plea must be a voluntary and intelligent choice by the defendant. Hannah v. State, 943 So.2d 20, 25 (Miss.2006). Mackey has the burden of proving that his plea was not voluntarily, knowingly, and intelligently given. Id. (quoting Gardner v. State, 531 So.2d 805, 810 (Miss.1988)). The United States Supreme Court has relied on the Fifth Circuit Court of Appeals’ standard of volun-tariness of guilty pleas, as follows:
(A) plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor’s business (e.g. bribes).
Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1969) (quoting Shelton v. United States, 246 F.2d 571, 572 n. 2 (5th Cir.1957), rev’d on other grounds, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed,2d 579 (1958)).
*1171 ¶ 40. Rule 8.04 of the Mississippi Uniform Circuit and County Court Rules provides, in relevant part:
Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea. A plea of guilty is not voluntary if induced by fear, violence, deception, or improper inducements. A showing that the plea of guilty was voluntarily and intelligently made must appear in the record.
URCCC 8.04(3).
¶ 41. The majority finds that the banishment provision is unenforceable and that the trial court erred in revoking Mackey’s suspended sentence on the basis of this illegal sentence. The banishment provision is a misrepresentation as contemplated by both the Fifth Circuit Court of Appeals and the United States Supreme Court and an improper inducement as defined by the Mississippi Uniform Circuit and County Court Rules. Mackey asserts that he would not have pleaded guilty, if not for the offer of this illegal sentence. This Court has more than sufficient evidence and legal authority before it to find that Mackey’s plea was not knowing, intelligent, and voluntary. Therefore, I would set aside Mackey’s guilty plea. Hence, both the State and the defendant would be returned to the positions they were in before the plea agreement was entered.
¶ 42. For the reasons stated herein, I respectfully concur in part and dissent in part.
KITCHENS, J., JOINS THIS OPINION. RANDOLPH, J., JOINS THIS OPINION IN PART.